1   DAVID M. WALSH (CA SBN 120761)
    DWalsh@mofo.com
2   KAI S. BARTOLOMEO (CA SBN 264033)
    KBartolomeo@mofo.com
3   ADAM M. SEVELL (CA SBN 266428)
    ASevell@mofo.com
4   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
5   Los Angeles, California  90017-3543
    Telephone: 213.892.5200
6   Facsimile: 213.892.5454

7   Attorneys for Defendant
    APPLE INC.

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12

13   DAVID YASTRAB, Individually and on Behalf        Case No. 5:14-cv-01974-EJD
     of All Others Similarly Situated,
14                                                     **APPLE INC.'S NOTICE OF
                          Plaintiff,                   MOTION AND MOTION TO
15                                                     DISMISS; MEMORANDUM OF
           v.                                          POINTS AND AUTHORITIES IN
16                                                     SUPPORT THEREOF**
     APPLE INC.,
17
                          Defendant.                   Hon. Edward J. Davila
18
                                                       Date:  September 19, 2014
19                                                     Time: 9:00 a.m.
                                                       Courtroom 4
20
                                                       Complaint Filed:  April 29, 2014
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ...................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED .......................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.      INTRODUCTION ............................................................................................. 1

II.     PLAINTIFF'S ALLEGATIONS ...................................................................... 2

III.    LEGAL STANDARD ....................................................................................... 2

IV.     ARGUMENT .................................................................................................... 3

        A.      Plaintiff's Fraud Allegations Do Not Satisfy Rule 9(b)'s Particularity
                Requirement .......................................................................................... 3

                1.      Plaintiff Does Not Allege Any Actionable Misrepresentations ................. 3

                2.      Plaintiff Does Not Allege Reliance with Particularity .............................. 5

                        a.      Plaintiff Cannot Have Relied Upon a Misrepresentation He
                                Cannot Identify ............................................................................... 5

                        b.      Conclusory Assertions of Reliance Are Insufficient ...................... 6

                        c.      Plaintiff Could Not Have Relied on Unspecified
                                Representations Made After He Purchased His iPhone ................. 6

                        d.      Apple's Licensing Agreement Precludes Plaintiff's
                                Assertion of Reliance ..................................................................... 6

        B.      Plaintiff Cannot Allege a Claim Under the UCL ................................... 7

                1.      Plaintiff Does Not Identify Any "Unlawful" Business Practices ............... 7

                2.      Plaintiff Does Not Plead "Unfair" Acts Under the UCL .......................... 8

                3.      Plaintiff Does Not Identify Any "Fraudulent" Conduct .......................... 9

        C.      Plaintiff Cannot Assert a CLRA Claim ................................................. 10

                1.      iOS 7 Is Not a "Good" or "Service" ........................................................ 10

                2.      Because iOS 7 Was a Free Download, There Was Necessarily No
                        "Sale or Lease" ...................................................................................... 11

                3.      Plaintiff Does Not Allege a Misrepresentation "At or Before Time
                        of Sale" ................................................................................................... 11

        D.      Plaintiff's Negligent Misrepresentation Claim Is Barred by the Economic
                Loss Rule ............................................................................................... 12

        E.      Plaintiff Has Not Alleged a Breach of Any Express Warranty ............ 13

V.      CONCLUSION ................................................................................................. 14

CASES

*Aeronaves de Mexico, S.A. v. McDonnell Douglas Corp.*,
  677 F.2d 771 (9th Cir. 1982)..................................................................................... 12

*Aleksick v. 7-Eleven, Inc.*,
  205 Cal. App. 4th 1176 (2012)..................................................................................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ....................................... 2

*Baba v. Hewlett-Packard Co.*,
  2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ........................................................... 11

*Baltazar v. Apple Inc.*,
  2011 WL 588209 (N.D. Cal. Feb. 10, 2011).................................................. passim

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................... 2, 9

*Berenblat v. Apple, Inc.*,
  2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) ............................................................ 8

*Berry v. Am. Express Publ'g, Inc.*,
  147 Cal. App. 4th 224 (2007)............................................................................. 10, 11

*Berryman v. Merit Property Mgmt., Inc.*,
  152 Cal.App.4th 1544 (2007).................................................................................... 8

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001)................................................................................... 3

*Cadlo v. Owens-Illinois, Inc.*,
  125 Cal. App. 4th 513 (2004).................................................................................... 5

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011)................................................................................... 3

*Caldwell v. Caldwell*,
  2006 WL 618511 (N.D. Cal. Mar. 13, 2006) ........................................................... 7

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) .............................................................................................. 9

*Century Sur. Co. v. Crosby Ins., Inc.*,
  124 Cal. App. 4th 116 (2004).................................................................................... 5

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
  173 F.3d 725 (9th Cir. 1999)..................................................................................... 4

*Coleman v. Boston Scientific Corp.*,
  2011 U.S. Dist. LEXIS 42826 (E.D. Cal. Apr. 20, 2011) ........................................................ 14

*Daugherty v. Am. Honda Motor Co., Inc.*,
  144 Cal. App. 4th 824 (2006)....................................................................................... 7, 13

*Doe v. Wal-Mart Stores, Inc.*,
  572 F.3d 677 (9th Cir. 2009)................................................................................................. 3

*Drum v. San Fernando Valley Bar Ass'n*,
  182 Cal. App. 4th 247 (2010)............................................................................................... 8

*Fairbanks v. Super. Ct.*,
  46 Cal. 4th 56 (2009) ......................................................................................................... 10

*Farmers Ins. Exchange v. Super. Ct.*,
  2 Cal. 4th 377 (1992) ........................................................................................................... 7

*Ferrington v. McAfee, Inc.*,
  2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) ...................................................................... 10

*Freeman v. Wal-Mart Stores, Inc.*,
  111 Cal. App. 4th 660 (2003).............................................................................................. 10

*Gertz v. Toyota Motor Corp.*,
  2011 WL 3681647 (C.D. Cal. Aug. 22, 2011) ..................................................................... 8

*Herrington v. Johnson & Johnson Consumer Co.*,
  2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ............................................................... 3, 4, 6

*Hill v. Roll Int'l Corp.*,
  195 Cal. App. 4th 1295 (2011)............................................................................................. 9

*In re Clorox Consumer Litig.*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) .............................................................................. 14

*In re iPhone 4S Consumer Litig.*,
  2013 WL 3829653 (N.D. Cal. July 23, 2013) ...................................................................... 6

*In re iPhone Application Litig.*,
  2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ................................................................... 10

*Indep. Cellular Tel., Inc. v. Daniels & Assocs.*,
  863 F. Supp. 1109 (N.D. Cal. 1994) ..................................................................................... 7

*Janda v. T-Mobile USA, Inc.*,
  378 F. App'x 705 (9th Cir. 2010) ......................................................................................... 7

*JMP Sec. LLP v. Altair Nanotechnologies Inc.*,
  880 F. Supp. 2d 1029 (N.D. Cal. 2012) .............................................................................. 12

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)...........................................................................3, 5, 9

*Kowalsky v. Hewlett-Packard Co.*,
   771 F. Supp. 2d 1138 (N.D. Cal. 2010) ...........................................................11

*Krainski v. State ex rel. Bd. of Regents*,
   616 F.3d 963 (9th Cir. 2010)................................................................................2

*Kwikset v. Super. Ct.*,
   51 Cal. 4th 310 (2011) ........................................................................................5

*Lavie v. Procter & Gamble Co.*,
   105 Cal. App. 4th 496 (2003)...............................................................................9

*Long v. Hewlett-Packard Co.*,
   2007 WL 2994812 (N.D. Cal. July 27, 2007) .....................................................7

*Long v. Hewlett-Packard Co.*,
   316 F. App'x 585 (9th Cir. 2009) ......................................................................13

*Maxwell v. Unilever U.S., Inc.*,
   2013 WL 1435232 (N.D. Cal. Apr. 9, 2013) ......................................................4

*McKinney v. Google, Inc.*,
   2011 WL 3862120 (N.D. Cal. Aug. 30, 2011).....................................................4

*Meinhold v. Sprint Spectrum, L.P.*,
   2007 WL 1456141 (E.D. Cal. May 16, 2007)......................................................9

*Meyer v. Spring Spectrum, L.P.*,
   45 Cal. 4th 634 (2009) ........................................................................................5

*Nabors v. Google, Inc.*,
   2011 WL 3861893 (N.D. Cal. Aug. 30, 2011)..............................................13, 14

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*,
   171 Cal. App. 4th 35 (2009)................................................................................5

*Oracle USA, Inc. v. XL Global Servs., Inc.*,
   2009 WL 2084154 (N.D. Cal. July 13, 2009) ...................................................12

*People v. McKale*,
   25 Cal. 3d 626 (1979) .........................................................................................7

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal. 4th 979 (2004) ...................................................................................5, 12

*Rossi v. Whirlpool Corp.*,
   2013 WL 1312105 (E.D. Cal. Mar. 28, 2013) ..................................................13

*Sacramento Reg'l Transit Dist. v. Grumman Flxible*,
  158 Cal. App. 3d 289 (1984)...................................................................................... 12

*Schauer v. Mandarin Gems of Cal., Inc.*,
  125 Cal. App. 4th 949 (2005)....................................................................................... 11

*Smedt v. Hain Celestial Grp., Inc.*,
  2013 WL 4455495 (N.D. Cal. Aug. 16, 2013)............................................................. 3

*Smith & Hawken, Ltd. v. Gardendance, Inc.*,
  2004 WL 2496163 (N.D. Cal. Nov. 5, 2004)................................................................ 9

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..................................................................... 13

*Tomek v. Apple, Inc.*,
  2012 WL 2857035 (E.D. Cal. July 11, 2012) ............................................................. 13

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)...................................................................................... 3

*Wehlage v. EmpRes Healthcare, Inc.*,
  791 F. Supp. 2d 774 (N.D. Cal. 2011) ......................................................................... 5

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008)........................................................................................ 9

*Wofford v. Apple Inc.*,
  2011 WL 5445054 (S.D. Cal. Nov. 9, 2011) ...................................................... 10, 11

**STATUTES**

Cal. Civ. Code
  § 1761(a) .................................................................................................................... 10
  § 1770(a) .................................................................................................................... 10

**OTHER AUTHORITIES**

F.R.E. 201 ........................................................................................................................ 7

Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 2

Fed. R. Civ. P. 9(b) ............................................................................................... passim

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF DAVID YASTRAB AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 19, 2014, at 9:00 a.m., in Courtroom 4 of the U.S. District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California, 95113 before the Honorable Edward J. Davila, Defendant Apple Inc. ("Apple") will and hereby does move to dismiss Plaintiff David Yastrab's Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all other pleadings and papers on file herein, and such other argument and evidence as may be presented to the Court.

Dated: July 1, 2014                    MORRISON & FOERSTER LLP


                                       By:    /s/ David M. Walsh
                                              DAVID M. WALSH

                                       Attorneys for Defendant
                                       APPLE INC.

**STATEMENT OF ISSUES TO BE DECIDED**

**1.** Whether Plaintiff has pled his fraud-based consumer protection and misrepresentation claims with the requisite particularity under Federal Rule of Civil Procedure 9(b).

**2.** Whether Plaintiff has alleged the elements of his UCL, CLRA, and misrepresentation claims.

**3.** Whether Plaintiff's negligent misrepresentation claim is barred by the economic loss rule.

**4.** Whether Plaintiff has alleged the elements of his breach of express warranty claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff David Yastrab purchased an iPhone 4s in April 2012.  About a year and a half after Mr. Yastrab purchased his iPhone, Apple made a free upgrade to the phone's operating system ("iOS 7") available to download.  A month after that, Mr. Yastrab downloaded and installed this free upgrade and now claims that, after performing the iOS 7 update, he lost the ability to connect to Wi-Fi networks and to use Bluetooth.

Plaintiff's case hinges on his contention that his iPhone "failed to perform as advertised . . . when the iOS 7 update was downloaded." (Compl. ¶ 22.)  But nowhere in his 123-paragraph Complaint does he identify a ***single representation*** made by Apple.  Without an actionable misrepresentation, Plaintiff cannot allege a fraud-based claim.  He certainly cannot allege any of the particulars necessary to the claim:  what he heard or read, when he heard or read the alleged misrepresentation, and why it was important to him.  Nor can he allege that he relied on a misrepresentation he cannot identify.  Plaintiff must and does not satisfy the heightened pleading standard required under Federal Rule of Civil Procedure 9(b) for fraud-based claims.

Plaintiff's claims should also be dismissed for the following reasons:

1.   Plaintiff cannot maintain a CLRA claim because:  (i) iOS 7 software is not a "good" or "service"; (ii) Plaintiff's ***free*** download of iOS 7 is not a "sale or lease"; and (iii) Plaintiff has not identified a single misrepresentation made by Apple ***at or before*** the time he purchased his iPhone 4s;

2.   Plaintiff's negligent misrepresentation claim is barred by the economic loss doctrine; and

1    3.   Plaintiff has not alleged the requisite elements of a breach of express warranty claim.

2    **II.      PLAINTIFF'S ALLEGATIONS**

3           Mr. Yastrab, a New York resident, purchased an iPhone 4s on April 30, 2012.  (Compl.

4    ¶ 35.)  He claims that he viewed *unspecified* representations regarding iOS 7 and the iPhone 4s'

5    ability to download *future* iOS updates.  (*Id.*)  iOS 7 was made available for download on

6    September 17, 2013.  (*Id.* ¶¶ 16, 41.)  Plaintiff claims that, after he downloaded and installed iOS

7    7 in October 2013 (nearly 18 months after he purchased his iPhone 4s), he experienced "reduced

8    functionality" in his iPhone.  (*Id.* ¶¶ 1, 54.)  He claims he was unable to connect to Wi-Fi

9    networks and to Bluetooth.  (*Id.* ¶¶ 6, 7, 55.)  He further claims that he visited two Apple stores

10   seeking assistance and was told to purchase a new iPhone.  (*Id.* ¶ 68.)

11          The heart of Plaintiff's case is his allegation that Apple falsely "marketed, advertised and

12   warranted . . . that each iPhone 4s was . . . capable of downloading and running future versions of

13   iOS, such as iOS 7, without adverse effects to the device's Wi-Fi and Bluetooth connection

14   capabilities."  (*Id.* ¶ 28.)  Plaintiff asserts violations of the UCL and CLRA, negligent and

15   intentional misrepresentation, and breach of express warranty.  He brings his claims on behalf of

16   nationwide classes of purchasers of iPhone 4, 4s and 5 devices who allegedly experienced

17   reduced functionality of their iPhones as a result of the update to iOS 7.  (*Id.* ¶¶ 1, 77.)

18   **III.     LEGAL STANDARD**

19          A court must dismiss a complaint under Rule 12(b)(6) where a plaintiff fails to set forth

20   "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

21   550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662,

22   678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  To survive a Rule 12(b)(6) motion, "a complaint

23   must contain sufficient factual matter to state a facially plausible claim to relief."  *Krainski v.*

24   *State ex rel. Bd. of Regents*, 616 F.3d 963, 972 (9th Cir. 2010) (citing *Iqbal*, 556 U.S. at 677);

25   Fed. R. Civ. P. 8(a)(2).  A pleading that offers "labels and conclusions" or "a formulaic recitation

26   of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

27   550 U.S. at 555).  Although a court must accept factual allegations as true, "conclusory

28   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

*Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (citing *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)).

## IV.    ARGUMENT

### A.    Plaintiff's Fraud Allegations Do Not Satisfy Rule 9(b)'s Particularity Requirement

Plaintiff does not satisfy the stringent pleading standards imposed by Rule 9(b).  Rule 9(b)'s requirements apply to *each* of his fraud-based UCL, CLRA and misrepresentation claims. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (applying Rule 9(b) to UCL and CLRA claims); *Herrington v. Johnson & Johnson Consumer Co.*, 2010 WL 3448531, at *6-7, 11 (N.D. Cal. Sept. 1, 2010) (applying Rule 9(b) to UCL, CLRA, and intentional and negligent misrepresentation claims).  Under Rule 9(b), conclusory allegations of fraud are insufficient.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  The "allegations of fraud must be *specific* enough to give defendants notice of the *particular* misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotation marks omitted) (emphasis added). Plaintiff must allege specific facts establishing the ***time, place, and content*** of the alleged fraudulent representations or omissions — the "who, what, when, where, and how" — as well as the circumstances indicating fraudulent conduct.  *Vess*, 317 F.3d at 1106 (citation and internal quotation marks omitted).  Plaintiff must also plead "what is false or misleading about [the purportedly fraudulent] statement, and why it is false."  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alteration in original).

#### 1.    Plaintiff Does Not Allege Any Actionable Misrepresentations

Because he does not allege any specific misrepresentations, Plaintiff certainly cannot allege "the particular circumstances surrounding" the alleged misrepresentations.  *See Kearns*, 567 F.3d at 1126 (plaintiff did not satisfy Rule 9(b) where he did not "specify what the television advertisements or other sales material specifically stated"); *Smedt v. Hain Celestial Grp., Inc.*, 2013 WL 4455495, at *4 (N.D. Cal. Aug. 16, 2013) (complaint dismissed under Rule 9(b) where

plaintiff did not identify "the allegedly unlawful representations that were on the products, and the particular statements Plaintiff allegedly relied on when making her purchases"); *Herrington*, 2010 WL 3448531, at *8 (plaintiffs did not satisfy Rule 9(b) where they did not "plead affirmative misrepresentations with particularity" or "aver how the statements were false or misleading").

Instead, without pointing to any specific language, Plaintiff "generally" alleges that Apple misrepresented the iPhone's abilities.  These broad and conclusory allegations that Apple made misrepresentations are not enough.  Plaintiff must specifically identify the statements — the actual words — he contends are actionable.  *See McKinney v. Google, Inc.*, 2011 WL 3862120, at *5 (N.D. Cal. Aug. 30, 2011) (dismissing claims where plaintiff "merely assert[ed] that she based her decision to buy the . . . Phone on [defendants'] misrepresentations but [did] not particularly identif[y] any representation upon which she relied or allege[] facts showing her actual and reasonable reliance on any such representations"); *Baltazar v. Apple Inc.*, 2011 WL 588209, at *3-4 (N.D. Cal. Feb. 10, 2011) (dismissing CLRA and misrepresentation claims where plaintiffs failed to "ple[ad] with specificity the content of the alleged misrepresentations made by Apple in its commercials and advertisements").

Because Plaintiff cannot identify any misrepresentation, it follows that he cannot provide an account of when or where an alleged misrepresentation was made, or who made the alleged representation.  Nor can he provide any other specific circumstances regarding the alleged misrepresentation, as he must.  *See Maxwell v. Unilever U.S., Inc.*, 2013 WL 1435232, at *4 (N.D. Cal. Apr. 9, 2013) (Plaintiff must "provide an unambiguous account of the 'time, place, and specific content of the false representations.'") (citation omitted).  Likewise, without a specific representation to point to, Plaintiff cannot explain *how* any alleged misrepresentation was misrepresentative or fraudulent.  *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999) (alleged misrepresentations must be "specific and measurable claim[s], capable of being proved false or of being reasonably interpreted as a statement of objective fact").

### 2.    Plaintiff Does Not Allege Reliance with Particularity[1]

#### a.    Plaintiff Cannot Have Relied Upon a Misrepresentation He Cannot Identify

Plaintiff must plead his *actual* reliance on the allegedly deceptive or misleading statement as part of his UCL claim. *Kwikset v. Super. Ct.*, 51 Cal. 4th 310, 326 (2011). The CLRA similarly requires that a violation "cause[] or result[] in some sort of damage." *Meyer v. Spring Spectrum, L.P.*, 45 Cal. 4th 634, 641 (2009). Similarly, common law claims for intentional and negligent misrepresentation require that Plaintiff justifiably rely on a representation that is false. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (intentional misrepresentation); *Century Sur. Co. v. Crosby Ins., Inc.*, 124 Cal. App. 4th 116, 129 (2004) (negligent misrepresentation). Because he does not identify a misrepresentation, Plaintiff cannot meet his pleading burden.

Plaintiff alleges no misrepresentations so, axiomatically, he cannot assert which representations he found material or which ones he relied upon in purchasing his iPhone 4s. *See Kearns*, 567 F.3d at 1126 (plaintiff failed to satisfy Rule 9(b) where he did not specify "when he was exposed to" the advertisements or sales materials, "which ones he found material," or "which sales material he relied upon in making his [purchase] decision"); *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 789-90 (N.D. Cal. 2011) (dismissal appropriate where plaintiff failed to "allege the circumstances in which she viewed [the allegedly fraudulent] materials or what was false about them").

---

[1] To state a claim for intentional misrepresentation, a plaintiff must allege: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Baltazar*, 2011 WL 588209, at *3. "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). Each of these elements, "particularly the allegations of reliance," must be pled with heightened specificity. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 50 (2009). As explained above, Plaintiff does not adequately allege an actionable misrepresentation, reliance, or resulting injury.

**b.** **Conclusory Assertions of Reliance Are Insufficient**

Plaintiff makes the conclusory allegation that he (and putative class members) "would not otherwise have purchased [iPhones] and downloaded [iOS 7] had they known they would be unable to use Wi-Fi or Bluetooth." (Compl. ¶ 29.) That is just not enough. Such "mere assertions of reliance" have been repeatedly dismissed for failure to satisfy Rule 9(b). *Baltazar*, 2011 WL 588209, at *3 (dismissing CLRA and misrepresentation claims because "the mere assertion of 'reliance' is insufficient" and requiring plaintiffs to "allege the specifics of [their] reliance on the misrepresentation to show a bona fide claim of actual reliance") (citation omitted); *In re iPhone 4S Consumer Litig.*, 2013 WL 3829653, *12-13 (N.D. Cal. July 23, 2013) (dismissing UCL and CLRA claims because plaintiffs did not "allege with specificity which commercials or other misleading advertisements they each relied upon in purchasing their devices."); *Herrington*, 2010 WL 3448531, at *7, *11 (dismissing UCL, CLRA, and misrepresentation claims where plaintiffs pleaded neither "the circumstances in which they were exposed to these [allegedly false or misleading] statements" nor "upon which of these misrepresentations they relied in making their purchase"). The same result is warranted here.

**c.** **Plaintiff Could Not Have Relied on Unspecified Representations Made After He Purchased His iPhone**

Plaintiff alleges that "[i]n acquiring his iPhone 4s, Plaintiff viewed Apple's representations regarding the iOS 7 update [and] the iPhone 4s' ability to download future updates[.]" (Compl. ¶ 35.) Plaintiff allegedly purchased his iPhone 4s on April 30, 2012. (*Id.*) iOS 7 was not publicly unveiled until *June 10, 2013*, was not made available for download until *September 17, 2013*, and was not downloaded by Plaintiff until *October 2013*. (*Id.* ¶¶ 16, 41, 54.) In short, Plaintiff could not have relied on (unspecified) representations regarding the compatibility of an operating system that was not even released until *almost 18 months* after he purchased his iPhone.

**d.** **Apple's Licensing Agreement Precludes Plaintiff's Assertion of Reliance**

The Apple iOS 7 Software License Agreement, which Plaintiff was required to accept when downloading and installing iOS 7, also precludes Plaintiff's claimed reliance. The License

1  Agreement unambiguously states that Apple was providing the free software "as-is," "as

2  available," and "with all faults," and that "Apple does not warrant . . . that the functions contained

3  in, or Services performed by the iOS software will meet [plaintiff's] requirements" or "that the

4  operation of the iOS software and Services will be uninterrupted or error-free."[2] Plaintiff could

5  not have reasonably relied on (unspecified) representations regarding the compatibility of future

6  generations of iOS where express contractual terms he agreed to precisely contradict his alleged

7  reliance. *See Long v. Hewlett-Packard Co.*, 2007 WL 2994812, at *7-8 (N.D. Cal. July 27, 2007)

8  (dismissing CLRA and UCL claims based on alleged misrepresentations regarding a purportedly

9  defective computer because the defendant's limited warranty stated the defendant did not

10  guarantee that operation of the computer would be "uninterrupted or error-free."); *Janda v. T-*

11  *Mobile USA, Inc.*, 378 F. App'x 705, 707 (9th Cir. 2010) (dismissing UCL and CLRA claims

12  based on wireless provider's charge of certain fees because the parties' contract specifically

13  disclosed that such fees would be charged).

14  **B.    Plaintiff Cannot Allege A Claim Under the UCL**

15  Plaintiff cannot allege a claim under any of the three prongs of the UCL.

16  **1.    Plaintiff Does Not Identify Any "Unlawful" Business Practices**

17  An "unlawful" practice or act under the UCL is "anything that can properly be called a

18  business practice and that at the same time is forbidden by law." *People v. McKale*, 25 Cal. 3d

19  626, 634 (1979) (citation omitted).  The UCL "borrows" violations from other laws and treats

20  them as unlawful practices that are independently actionable under the UCL.  *See Farmers Ins.*

21  *Exchange v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992).  Courts routinely dismiss UCL claims where a

22  plaintiff has failed to establish a predicate violation of underlying law.  *See e.g.*, *Indep. Cellular*

23  *Tel., Inc. v. Daniels & Assocs.*, 863 F. Supp. 1109, 1118 (N.D. Cal. 1994); *Daugherty v. Am.*

24

25     [2] See Paragraphs 7.3 and 7.4 of the Apple Inc. iOS Software License Agreement for
    iOS 7, available at: http://images.apple.com/legal/sla/docs/iOS7.pdf.  The Court may take judicial

26  notice of the contents of publicly-available websites. *See Caldwell v. Caldwell*, 2006 WL
    618511, at *4 (N.D. Cal. Mar. 13, 2006) ("The court agrees with the proposition that, as a general

27  matter, websites and their contents may be proper subjects for judicial notice."); *see also* F.R.E.
    201.

28

APPLE INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT
Case No. 5:14-cv-01974
la-1251640

7

1   *Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837-38 (2006) (dismissing UCL claim for lack of

2   a violation of statute or other law).

3      Here, the sum and substance of Plaintiff's "unlawful" prong charging allegations is that

4   Apple violated the CLRA.  (Compl. ¶ 97.)  But, as explained herein, Plaintiff has not pled a

5   violation of the CLRA (or any other statute or common law) that could serve as the predicate for

6   his "unlawful" prong claim.  *See Baltazar*, 2011 WL 588209, at *5 (dismissing claim under the

7   unlawful prong because "[p]laintiffs so far have failed to state a viable claim for fraud, intentional

8   or negligent misrepresentation, or any other actionable wrongdoing.").[3]  Plaintiff cannot maintain

9   a claim under the UCL's unlawful prong.

10           **2.      Plaintiff Does Not Plead "Unfair" Acts Under the UCL**

11      California courts apply one of three tests to determine whether an act or practice is

12   "unfair" under the UCL.  *See Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1192 (2012).

13   Plaintiff does not satisfy any of these tests.  Under the first test, Plaintiff must allege that his

14   consumer injury "is substantial, is not outweighed by any countervailing benefits to consumers or

15   to competition, and is not an injury the consumers themselves could reasonably have avoided."

16   *Berryman v. Merit Property Mgmt., Inc.*, 152 Cal.App.4th 1544, 1555 (2007) (citation and

17   internal quotation marks omitted).  The second test requires Plaintiff to plead that the business

18   practice at issue "is immoral, unethical, oppressive, unscrupulous or substantially injurious to

19   consumers and requires the court to weigh the utility of the defendant's conduct against the

20   gravity of the harm to the alleged victim."  *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal.

21   App. 4th 247, 257 (2010) (citation and internal quotation marks omitted).  Finally, to the extent

22   Plaintiff's "unfair" prong claim is predicated on public policy, that policy must be "tethered" to

23   specific constitutional, regulatory, or statutory provisions, because "[c]ourts may not simply

24

25   _____

26      [3] Neither has Plaintiff asserted a viable statutory breach of warranty claim to support his UCL claim.  *See Gertz v. Toyota Motor Corp.*, 2011 WL 3681647, at *6 (C.D. Cal. Aug. 22, 2011) (dismissing UCL claim where plaintiffs did not adequately allege breach of warranty claims); *Berenblat v. Apple, Inc.*, 2010 WL 1460297, at *6 (N.D. Cal. Apr. 9, 2010) (same).

27

28

1   impose their own notions of the day as to what is fair or unfair." *Cel-Tech Commc'ns, Inc. v. L.A.*

2   *Cellular Tel. Co.*, 20 Cal. 4th 163, 182, 185 (1999).

3        Here, Plaintiff appears to conflate the first and second tests.  He asserts a single,

4   boilerplate allegation that Apple's "conduct is substantially injurious to consumers, offends

5   public policy, and is immoral, unethical, oppressive and unscrupulous as the gravity of the

6   conduct outweighs any alleged benefits attributable to such conduct."  (Compl. ¶¶ 100-01.)  Such

7   a "formulaic recitation" of elements is insufficient even under the more lenient Rule 8(a), because

8   proper pleading "requires more than labels and conclusions."  *See Twombly*, 550 U.S. at 555.

9   Moreover, because Plaintiff's bare contention that Apple's conduct is "unfair" arises from the

10  same allegations as those underlying his fraud-based causes of action, this claim sounds in fraud,

11  and does not meet the heightened pleading standard of Rule 9(b).  *See Smith & Hawken, Ltd. v.*

12  *Gardendance, Inc.*, 2004 WL 2496163, at *5-6 (N.D. Cal. Nov. 5, 2004) (dismissing UCL claim

13  because a party "alleging unfair business practices under the [UCL] must state with reasonable

14  particularity the facts supporting the statutory elements of the violation") (citation omitted).

### 3.        Plaintiff Does Not Identify Any "Fraudulent" Conduct

16       Claims of deception under the UCL are evaluated by whether a "reasonable consumer"

17  would be likely to be deceived.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir.

18  2008) (citation omitted); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011).  "'Likely

19  to deceive' implies more than a mere possibility that the advertisement might conceivably be

20  misunderstood by some few consumers viewing it in an unreasonable manner."  *Lavie v. Procter*

21  *& Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).

22       As explained above, Plaintiff does not identify a single misrepresentation he claims was

23  made by Apple regarding either the purchase of his iPhone 4s or his download of iOS 7.  His

24  generalized assertions of "false" and "misleading" statements are insufficient to satisfy his

25  heightened pleading burden.  *See Kearns*, 567 F.3d at 1126; *Meinhold v. Sprint Spectrum, L.P.*,

26  2007 WL 1456141, at *6 (E.D. Cal. May 16, 2007) (dismissing UCL claims under Rule 9(b)

27  where the plaintiff "failed to identify any specific statement made by defendant").

28

### C.    Plaintiff Cannot Assert a CLRA Claim

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a).  Courts have the power to determine at the earliest stages of the litigation, whether, as a matter of law, a CLRA claim fails to state a cause of action.  *See Freeman v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 660, 668-69 (2003) (affirming demurrer with respect to CLRA claim).  Plaintiff's allegations warrant such a determination here.

### 1.    iOS 7 Is Not a "Good" or "Service"

Software, such as iOS 7, is neither a "good" nor a "service" covered by the CLRA.  A "good" is statutorily defined as a "tangible chattel[] bought or leased for use primarily for personal, family, or household purposes[.]" Cal. Civ. Code § 1761(a).  A "service" is defined as "work, labor, and services . . . including services furnished in connection with the sale or repair of goods." *Id.* § 1761(b).

Courts interpreting the CLRA "have not expanded it beyond its express terms" and have narrowly construed the phrase "goods or services." *See Berry v. Am. Express Publ'g, Inc.*, 147 Cal. App. 4th 224, 229, 232 (2007) (a credit card is not a good for purposes of the CLRA); *Fairbanks v. Super. Ct.*, 46 Cal. 4th 56, 61 (2009) (life insurance is not a good under the CLRA). Software, like insurance and credit, is an intangible chattel.  Because the "CLRA's express limitation of goods to 'tangible chattels' must be given meaning . . . current California law suggests that these words exclude software from the Act's coverage." *Ferrington v. McAfee, Inc.*, 2010 WL 3910169, at *14, *19 (N.D. Cal. Oct. 5, 2010) ("California law does not support Plaintiffs' contention that software is a tangible good or a service for purposes of the CLRA, and therefore the CLRA does not apply to the transactions at issue in this case"); *Wofford v. Apple Inc.*, 2011 WL 5445054, at *2 (S.D. Cal. Nov. 9, 2011) (dismissing CLRA claim concerning plaintiffs' installation of iOS 4 operating system because "[t]his Court will not impose a more liberal interpretation of the Act than the one authorized by the plain meaning of the Act"); *In re iPhone Application Litig.*, 2011 WL 4403963, at *10 (N.D. Cal. Sept. 20, 2011) ("[T]o the extent

Plaintiffs' allegations are based solely on software, Plaintiffs do not have a claim under the CLRA"). Plaintiff alleges that iOS 7 "consists of a collection of *software* applications[.]" (Compl. ¶ 3) (emphasis added). Because software is neither a "good" nor a "service" under the CLRA, Plaintiff cannot maintain a statutory claim.

### 2. Because iOS 7 Was a Free Download, There Was Necessarily No "Sale or Lease"

Plaintiff alleges that he downloaded iOS 7 "at no additional cost." (Compl. ¶ 42.) A free download is not a "sale or lease" within the meaning of the CLRA. *See Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 960 (2005) (plaintiff did not engage in a transaction covered by the CLRA where she received engagement ring as a gift from fiancée, where diamond was represented to be of a clarity that it was not); *cf. Berry*, 147 Cal. App. 4th at 229 n.2 (questioning whether obtaining an American Express card is a "purchase or lease" for purposes of the CLRA).

In *Wofford v. Apple Inc.*, 2011 WL 5445054, plaintiffs claimed that defendant violated the CLRA by fraudulently inducing them into downloading and installing iOS 4 on their iPhones. *Id.* at *2. The court dismissed plaintiffs' CLRA claim finding that, among other things, "the *free download of iOS 4 on Plaintiffs' [] iPhone does not meet the CLRA's 'sale or lease' requirement."* *Id.* The court continued that "[p]laintiffs' original purchase of the iPhone is a separate transaction from their free upgrade of the iPhone's operating system, which occurred about a year later. The iPhone's software upgrade was not intended to result in a 'sale or lease' because it was provided free of charge." *Id.* Here, as in *Wofford*, Plaintiff has no CLRA claim because he cannot plead facts establishing that his download of free iOS 7 software constituted a "sale or lease."

### 3. Plaintiff Does Not Allege a Misrepresentation "At or Before Time of Sale"

To state a viable CLRA claim, Plaintiff must allege that Apple made a misrepresentation at or before the time he purchased his iPhone 4s. *See Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1152 (N.D. Cal. 2010) ("[A] misrepresentation made by HP after Plaintiff purchased his printer would not support liability under the CLRA[.]"); *Baba v. Hewlett-Packard*

*Co.*, 2011 WL 317650, at *2 (N.D. Cal. Jan. 28, 2011) (the viability of a CLRA claim "depends solely on [plaintiff's] contention that [defendant] made false statements . . . prior to his purchase.").

Plaintiff's allegations establish that Apple could not have made a misrepresentation at or before the time Plaintiff purchased his iPhone 4s. Plaintiff alleges that he did not download the iOS 7 software until October 2013, almost 18 months after he purchased his iPhone 4s. (Compl. ¶¶ 35, 54.) Apple could not have misrepresented information regarding the effect of iOS 7 on Plaintiff's WiFi and Bluetooth capabilities at the time he purchased his iPhone because iOS 7 *did not yet exist*. Plaintiff's inability to assert an actionable misrepresentation in connection with his purchase of the iPhone 4s defeats his CLRA claim.

**D.    Plaintiff's Negligent Misrepresentation Claim Is Barred by the Economic Loss Rule**

Plaintiff's negligent misrepresentation claim is barred by the economic loss rule. The economic loss rule bars negligence-based claims where the product at issue has not caused personal injury or damage to other property. *Sacramento Reg'l Transit Dist. v. Grumman Flxible*, 158 Cal. App. 3d 289, 294 (1984). "[W]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone . . . ." *Robinson Helicopter Co.*, 34 Cal. 4th at 988 (citation and internal quotation marks omitted). Loss of the use of the property or mere reduction in its expected usefulness does not give rise to a cause of action in tort. *See Aeronaves de Mexico, S.A. v. McDonnell Douglas Corp.*, 677 F.2d 771, 773 n.3 (9th Cir. 1982).

Plaintiff does not allege personal injury or damage to other property. He simply alleges that he would not have purchased the iPhone 4s had he known that his device would experience "reduced functionality" after downloading iOS 7. (Compl. ¶ 1.) This allegation is a classic example of economic harm. *See JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (applying economic loss rule to dismiss fraud and negligent misrepresentation claims that "consist of nothing more than [defendant's] alleged failure to make good on its contractual promises."); *Oracle USA, Inc. v. XL Global Servs., Inc.*, 2009 WL

2084154, at *4 (N.D. Cal. July 13, 2009) ("[T]he fundamental rule in California is that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement.").

### E.    Plaintiff Has Not Alleged a Breach of Any Express Warranty

To state a claim for breach of express warranty, a plaintiff must plead: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of the warranty which proximately causes plaintiff's injury. *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1140 (N.D. Cal. 2010) (citation omitted). Plaintiff's allegations do not satisfy any of these requirements.

First, Plaintiff does not allege the terms of the "warranty" that he claims was breached. *See Tomek v. Apple, Inc.*, 2012 WL 2857035, at *6 (E.D. Cal. July 11, 2012) (dismissing express warranty claim because "[t]he FAC contains no detail regarding the exact terms of any express warranty breached under the facts of this case."); *Rossi v. Whirlpool Corp.*, 2013 WL 1312105, *4 (E.D. Cal. Mar. 28, 2013) (same). Plaintiff's "express warranty" claim is predicated on "the promises and affirmations of fact made by [Apple] on its website and through its marketing and advertising campaign that the iPhone 4, iPhone 4 and/or iPhone 5's Wi-Fi and Bluetooth connection performs as advertised, even after updating to iOS 7[.]" (Compl. ¶ 107.)[4] Such generalized statements are far too vague to create a "warranty." *See Nabors v. Google, Inc.*, 2011 WL 3861893, at *4 (N.D. Cal. Aug. 30, 2011) ("General assertions about representations or impressions given by Defendants about the phone's 3G capabilities are not equivalent to a recitation of the exact terms of the underlying warranty . . ."); *Baltazar*, 2011 WL 588209, at *2 (dismissing breach of warranty claim because "[g]eneral assertions that Plaintiffs relied on 'a commercial' or 'the commercial' or 'advertisements online' are not equivalent to a recitation of

---

[4] Plaintiff's breach of express warranty claim is not premised on the written limited warranty that accompanied his iPhone 4s. Plaintiff cannot make such a claim, because the defect he alleges manifested, if ever, after the expiration of the one-year limited warranty period. *See Daugherty*, 144 Cal. App. 4th at 830 (affirming dismissal of express warranty claim where the plaintiff did not experience a product failure within the warranty period); *Long v. Hewlett-Packard Co.*, 316 F. App'x 585, 586 (9th Cir. 2009) ("Under California law, time limits in express warranties are effective at limiting the coverage of the warranty to defects that manifest themselves during the specified time period.").

1   the exact terms of the underlying warranty."). Plaintiff's allegations do not provide Apple with

2   meaningful notice of the specific advertisements and webpages that generated a purported

3   warranty, nor do they assert the "exact terms" of that warranty. *See id.*

4         Even if Plaintiff had alleged the precise terms of an express warranty based on a

5   compendium of unspecified advertisements, he has not alleged that he saw, heard, or was

6   otherwise exposed to any of those advertisements. He cannot claim to have relied on a supposed

7   express warranty he never saw. The sum and substance of Plaintiff's reliance allegations is that

8   "Plaintiff reasonably relied upon" the "marketing campaign" for iPhone devices. (Compl. ¶¶

9   108-109.) Such vague allegations cannot support a claim for breach of express warranty. *See In*

10  *re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1235 (N.D. Cal. 2012) ("As the Complaint is

11  currently pled, Clorox would need to guess at which labels and which packaging form the basis of

12  Plaintiffs' claim"); *Nabors*, 2011 WL 3861893, at *4 ("At the least, [Plaintiff] must identify the

13  particular commercial or advertisement upon which she relied and must describe with the

14  requisite specificity the content of that particular advertisement. Moreover, [she] must allege

15  with greater specificity her reasonable reliance on the particular commercial or advertisement.");

16  *Coleman v. Boston Scientific Corp.*, 2011 U.S. Dist. LEXIS 42826, at *17 (E.D. Cal. Apr. 20,

17  2011) ("Plaintiffs' express warranty claims must be dismissed, as the complaint does not allege

18  facts sufficient to give rise to a plausible basis to believe that Plaintiffs relied on any

19  representations made by Defendants"). Plaintiff's express warranty claim must be dismissed.

20  **V.    CONCLUSION**

21        For the foregoing reasons, the Court should grant Apple's motion and dismiss Plaintiff's

22  Complaint, with prejudice.

23  Dated: July 1, 2014                          MORRISON & FOERSTER LLP

24

25                                      By:    /s/ David M. Walsh
                                                 DAVID M. WALSH

26                                             Attorneys for Defendant
                                             APPLE INC.

27

28