1 | DAVID M. WALSH (CA SBN 120761)
DWalsh@mofo.com
2 | KAI S. BARTOLOMEO (CA SBN 264033)
KBartolomeo@mofo.com
3 | ADAM M. SEVELL (CA SBN 266428)
ASevell@mofo.com
4 | MORRISON & FOERSTER LLP
707 Wilshire Boulevard
5 | Los Angeles, California  90017-3543
Telephone:    213.892.5200
6 | Facsimile:    213.892.5454

7 | Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| DAVID YASTRAB, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:14-cv-01974-EJD |
|---|---|
| Plaintiff, | **APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT** |
| v. | |
| APPLE INC., | Hon. Edward J. Davila |
| Defendant. | Date:   September 19, 2014<br>Time:   9:00 a.m.<br>Ctrm.:   4 |
| | Complaint Filed:  April 29, 2014 |

APPLE INC.'S REPLY ISO MOTION TO DISMISS CLASS ACTION COMPLAINT
Case No. 5:14-cv-01974
la-1261902

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. ARGUMENT .................................................................................................................. 3
    A. Plaintiff's Fraud-Based Claims Do Not Satisfy the Rule 9(b) Particularity Requirement ........................................................................................................ 3
        1. Plaintiff's Allegations Must Satisfy Rule 9(b) ............................................ 3
        2. Plaintiff Does Not Allege Any Actionable Misrepresentation ................... 4
        3. Plaintiff Does Not Allege Reliance with Particularity ............................... 5
    B. Plaintiff's CLRA Claim Is Deficient .................................................................... 6
        1. Plaintiff Still Does Not Allege a Purchase or Sale ..................................... 7
        2. Plaintiff Still Does Not Identify Any "Fraudulent" Conduct ..................... 7
    C. Plaintiff Does Not Allege the Facts Necessary for his UCL Claim ..................... 7
        1. Unlawful Prong: No Unlawful Acts .......................................................... 7
        2. Unfair Prong: Substantial Benefits and No Wrongful Act ........................ 8
        3. Fraudulent Prong: No Actionable Misrepresentation ............................... 8
    D. Plaintiff's Own Allegations Contradict His Misrepresentation Claims ................ 8
    E. Plaintiff Does Not State a Claim for Breach of Warranty .................................... 9
III. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Baba v. Hewlett-Packard Co.*,
   2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ................................................................. 7

*Baltazar v. Apple Inc.*,
   2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ............................................................. 4, 6

*Daugherty v. Am. Honda Motor Co., Inc.*,
   144 Cal. App. 4th 824 (2006) ...................................................................................... 7

*Donohue v. Apple Inc.*,
   871 F. Supp. 2d 913 (N.D. Cal. 2012) ......................................................................... 3

*Drum v. San Fernando Valley Bar Ass'n*,
   182 Cal. App. 4th 247 (2010) ...................................................................................... 8

*Herrington v. Johnson & Johnson Consumer Co.*,
   2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ............................................................ 3, 6

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013) ....................................................................... 8

*In re iPhone 4S Consumer Litig.*,
   2013 WL 3829653 (N.D. Cal. July 23, 2013) ............................................................. 6

*Indep. Cellular Tel., Inc. v. Daniels & Assocs.*,
   863 F. Supp. 1109 (N.D. Cal. 1994) ........................................................................... 7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .............................................................................. 3, 6, 8

*Kowalsky v. Hewlett-Packard Co.*,
   771 F. Supp. 2d 1138 (N.D. Cal. 2010) ....................................................................... 7

*Kwikset v. Super. Ct.*,
   51 Cal. 4th 310 (2011) ................................................................................................ 6

*Maxwell v. Unilever U.S., Inc.*,
   2013 WL 1435232 (N.D. Cal. Apr. 9, 2013) ............................................................ 5, 6

*McKinney v. Google, Inc.*,
   2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) ............................................................ 4

*Meinhold v. Sprint Spectrum, L.P.*,
   2007 WL 1456141 (E.D. Cal. May 16, 2007) ............................................................. 8

*Rossi v. Whirlpool Corp.*,
    No. 12-cv-125-JAM-JFM, 2013 U.S. Dist. LEXIS 46167 (E.D. Cal. Mar. 28, 2013) ............. 9

*Stanley v. Bobo Constr., Inc.*,
    No. 14-cv-00035 JAM-EFB, 2014 WL 1400957 (E.D. Cal. Apr. 10, 2014) ........................... 2

*Vassel v. Carson Helicopters, Inc.*,
    No. 2:13–cv–02520–KJM–CMK, 2014 WL 1912056 (E.D. Cal. May 13, 2014) .................... 2

*Villalobos v. CarMax Auto Superstore Cal., LLC*,
    No. 12-cv-26226-W (KSC), 2014 U.S. Dist. LEXIS 54375 (S.D. Cal. Apr. 17, 2014) ........... 3

*Wehlage v. EmpRes Healthcare, Inc.*,
    791 F. Supp. 2d 774 (N.D. Cal. 2011) ................................................................................ 6

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) ............................................................................................. 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ........................................................................................................................ 1

Fed. R. Civ. P. 9(b) ......................................................................................................... 3, 4,, 8

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 2, 6

Fed. R. Civ. P. 12(d) ................................................................................................................ 2

Fed. R. Civ. P. 56 .................................................................................................................... 2

## I. INTRODUCTION

Plaintiff David Yastrab sued Apple Inc. for making "misrepresentations" regarding the iPhone and (free) iOS 7 operating system upgrade. While these purported "misrepresentations" are the crux of Plaintiff's claims, they are *nowhere* to be found in his 123-paragraph Complaint. Only now, as part of his Opposition briefing, does Plaintiff attempt to correct his deficient pleading by submitting two declarations and a slew of new exhibits largely drawn from Internet sources. This extrinsic evidence cannot be considered in connection with a motion to dismiss.

By resorting to and relying upon materials outside the four corners of the Complaint, Plaintiff effectively admits that his allegations do not satisfy the pleading standards of either Rules 8 or 9(b), and that his claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's reliance on these wide-ranging extrinsic materials also preview where this case is headed. If Plaintiff truly intends to assert that the many and varied statements in the some 30 exhibits attached to his counsel's declaration were relied upon by putative class members, then the class action mechanism simply will not work because proving *which* consumers read and relied upon *which* statements will inevitably require the multiple mini-trials that the class action process is designed to avoid. In any case, Plaintiff's extrinsic evidence is not proper here. His Complaint should be dismissed.

**Plaintiff's Extrinsic Evidence Should Be Stricken or Disregarded**

As a preliminary matter, the Court should strike or disregard the voluminous, extrinsic evidence that Plaintiff introduces in opposition to Apple's motion to dismiss. (*See* [Dkt. No. 20] Decl. of David Yastrab[1]; [Dkt. Nos. 21-23] Decl. of Mark Reich, Exs. A through DD.)

Plaintiff's **238 pages** of extrinsic evidence should be stricken or disregarded in deciding Apple's Motion to Dismiss. Plaintiff has not requested judicial notice of any of these materials; nor has he proffered any legal basis for the Court to consider them. None of the materials are

---

[1] Although Plaintiff's declaration cites five exhibits (A through E), those exhibits are not attached to his declaration. Nor do they appear to be references to the exhibits attached to the declaration of Plaintiff's counsel. Even if the Court were to consider Plaintiff's improper declaration, he still has not supplied the specific advertisements, marketing materials, and/or representations on which he claims to have relied in acquiring his iPhone 4s.

referenced, cited, or quoted in the Complaint, and none are the proper subject of judicial notice. Further, Plaintiff has done nothing to authenticate the numerous exhibits attached to the declaration of his counsel. Plaintiff describes these exhibits as snapshots of Apple's website on particular dates, but, in fact, all of the exhibits are printouts from a third-party website (https://web.archive.org), not Apple's official site.

Courts do not consider evidence outside the pleadings on a Rule 12(b)(6) motion. Except for documents incorporated by reference or subject to judicial notice, the sufficiency of the plaintiff's allegations is determined on the face of the pleading alone. *See, e.g.*, Fed. R. Civ. P. 12(d) (consideration of "matters outside the pleadings" is inappropriate on a motion to dismiss and reserved only for "one for summary judgment under Rule 56"). As Plaintiff acknowledges, "the inquiry under Rule 12(b)(6) is into the adequacy of the pleadings, not the adequacy of the evidence." (Opp. at 9:1-2 (internal quotation marks omitted) (quoting *Solid 21, Inc. v. Breitling USA, Inc.*, 512 F. App'x 685, 687 (9th Cir. 2013).) Courts regularly strike or disregard extrinsic evidence improperly submitted in opposition to Rule 12(b)(6) motions by plaintiffs attempting to bolster their allegations after the fact. *See, e.g.*, *Stanley v. Bobo Constr., Inc.*, No. 14-cv-00035 JAM-EFB, 2014 WL 1400957, at *2 (E.D. Cal. Apr. 10, 2014) (declining to consider declaration by plaintiff's counsel submitted in connection with opposition to motion to dismiss because the "declaration was not attached to the complaint nor has Plaintiff requested judicial notice of it"); *Vassel v. Carson Helicopters, Inc.*, No. 2:13-cv-02520-KJM-CMK, 2014 WL 1912056, at *3-4 (E.D. Cal. May 13, 2014) (declining to consider materials submitted by plaintiff in connection with opposition to motion to dismiss where "Plaintiff did not file a request for judicial notice" or "set forth any legal argument supporting the court's ability to consider these matters").

Plaintiff's attempt to re-plead his case in an opposition brief through the introduction of extrinsic evidence should be rejected. Apple requests that the Court strike or disregard the Declarations of David Yastrab [Dkt. No. 20] and Mark Reich [Dkt. Nos. 21-23] and all accompanying exhibits.

APPLE INC.'S REPLY ISO MOTION TO DISMISS CLASS ACTION COMPLAINT
Case No. 5:14-cv-01974
la-1261902

2

## II. ARGUMENT

### A. Plaintiff's Fraud-Based Claims Do Not Satisfy the Rule 9(b) Particularity Requirement

#### 1. Plaintiff's Allegations Must Satisfy Rule 9(b)

Plaintiff effectively admits that his claims for violation of California's Unfair Competition Law ("UCL") and for intentional and negligent misrepresentation must be pled with particularity under Rule 9(b). (*See* Opp. at 9:16-14:2.) However, he disputes Rule 9(b)'s application to his claim under the California Consumers Legal Remedies Act ("CLRA"). (*See id.* at 14:12-16.) Plaintiff's position is incorrect. As the Ninth Circuit expressly held in *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal citations omitted), "[w]hile fraud is not a necessary element of a claim under the CLRA and UCL, a plaintiff may nonetheless . . . allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)." That is precisely the case here.

Plaintiff cites to a single unpublished, out-of-district opinion in support of his assertion that Rule 9(b) does not apply to the CLRA. (*See* Opp. at 14:12-16.) But that opinion, *Villalobos v. CarMax Auto Superstore Cal., LLC*, No. 12-cv-2626-W (KSC), 2014 U.S. Dist. LEXIS 54375, at *9 (S.D. Cal. Apr. 17, 2014), relies exclusively on cases that predate *Kearns* and that other courts have declined to follow for precisely that reason. *See, e.g.*, *Donohue v. Apple Inc.*, 871 F. Supp. 2d 913, 924 n.4 (N.D. Cal. 2012) (rejecting plaintiff's argument that CLRA claims are subject to a lesser pleading standard and declining to follow cases that predated *Kearns*). *Villalobos* has never been cited by any other court. It has no application here, either.

Each of Plaintiff's fraud-based UCL, CLRA, and misrepresentation claims is subject to the stringent pleading standards imposed by Rule 9(b). *Herrington v. Johnson & Johnson Consumer Cos.*, 2010 WL 3448531, at *6-7, *11 (N.D. Cal. Sept. 1, 2010) (applying Rule 9(b) to UCL, CLRA, and intentional and negligent misrepresentation claims).

### 2. Plaintiff Does Not Allege Any Actionable Misrepresentation

Plaintiff has not stated the "who, what, where, when, and how" necessary to support his fraud-based consumer protection and misrepresentation claims. The "facts" he relies upon to show that he met the heightened pleading standard are drawn heavily (and in some cases exclusively) from the newly submitted, extrinsic materials he filed with his Opposition brief. (*See* Opp. at 10:4-18.) Once these extra-pleading materials are disregarded, there are just *four paragraphs* in the Complaint that address Apple's alleged misrepresentations. (*See id.* (citing Compl. ¶¶ 19, 35, 41, 42).) ***None*** of those paragraphs contains a single, *specific representation* allegedly made by Apple regarding the iPhone's Wi-Fi or Bluetooth functionality. None contains a single representation regarding how that functionality might be impacted by a future iOS update. (*See* Compl. ¶¶ 19, 35, 41, 42.) These paragraphs — numbers 19, 35, 41, and 42 — instead recite general, conclusory allegations regarding Apple's advertising and marketing.[2] Rule 9(b) requires much more. *See McKinney v. Google, Inc.*, No. 5:10-cv-01177 EJD, 2011 WL 3862120, at *5 (N.D. Cal. Aug. 30, 2011) (dismissing claims where plaintiff "merely assert[ed] that she based her decision to buy the . . . Phone on [defendants'] misrepresentations but [did] not particularly identif[y] any representation upon which she relied or allege[] facts showing her actual and reasonable reliance on any such representations"); *Baltazar v. Apple Inc.*, No. CV-10-3231-JF, 2011 WL 588209, at *3-4 (N.D. Cal. Feb. 10, 2011) (dismissing CLRA and misrepresentation claims where plaintiffs failed to "ple[ad] with specificity the content of the alleged misrepresentations made by Apple in its commercials and advertisements").

---

[2] *See, e.g.*, Compl. ¶ 19 (generally alleging that "Defendant's advertising and marketing campaigns for the iPhone 4, iPhone 4s and iPhone 5 were and are designed to induce consumers to acquire or purchase the iPhones over other smartphone devices because of their Bluetooth and Wi-Fi connection capabilities, large library of apps, iCloud and Siri – all of which require a Network connection or Wi-Fi connection to operate. . . ."); ¶ 35 (generally alleging that Apple made "representations regarding the iOS 7 update, the iPhone 4s's ability to download future iOS updates, Bluetooth and Wi-Fi connection capabilities, ability to backup data via iCloud and the ability to run apps via a Wi-Fi connection. . . ."); ¶ 41 (alleging that Apple represented that the iOS 7 "update is compatible with the iPhone 4 and later, iPad 2, iPad with Retina display, iPad Air, iPad mini and iPad mini with Retina display and iPad touch 5th generation" and that an Apple senior executive stated that "'iOS 7 is completely redesigned with an entirely new user interface and over 200 new features, so it's like getting a brand new device, but one that will still be instantly familiar to our users'"); ¶ 42 (alleging that Apple described iOS 7 as having "a much 'simpler, more useful interface' that 'brings clarity to the entire experience.'").

Because Plaintiff cannot identify any misrepresentation, he cannot provide the other particulars required by Rule 9(b).  *See Maxwell v. Unilever U.S., Inc.*, No. 5:12-cv-01736-EJD, 2013 WL 1435232, at *4 (N.D. Cal. Apr. 9, 2013) (Plaintiff must "provide an unambiguous account of the 'time, place, and specific content of the false representations.'" (citation omitted)).

### 3.  Plaintiff Does Not Allege Reliance with Particularity

Plaintiff now asserts that his case is about what he read and relied upon when he acquired his iPhone 4s.  That transaction has become the focus of his claims.  (*See* Opp. at 13:6-14.)  The problem is that the timing simply does not work.  Plaintiff's own allegations show that he acquired his iPhone well over a year before Apple publicly unveiled iOS 7 and almost eighteen months before the operating system was released for download.  (Mot. at 6:17-25.)  So, in his Complaint, Plaintiff does not identify any representations that Apple allegedly made regarding the release of iOS 7 before he acquired his phone because Apple did not make any representations regarding the release of iOS 7 before Plaintiff acquired his phone.

Plaintiff's new arguments are based on the new materials he is trying to place before the Court as part of his Opposition.  Plaintiff now argues that he relied on Apple's website and advertisements and would not have acquired his iPhone had he known of Apple's "actionable misrepresentations" regarding the iPhone's Bluetooth and Wi-Fi capabilities.  (Opp. at 10:20-22, 12:2-3.)  But these assertions are based entirely on Plaintiff's extrinsic evidence, which is not properly before the Court.  (*See id.* at 10:20-22 (citing Yastrab Decl. ¶¶ 7-11), 12:2-3 (citing Yastrab Decl. ¶ 6; Reich Decl. ¶ 6); *see also id.* at 12:3-8 (citing Yastrab Decl. ¶¶ 7-11).)  Once the extrinsic materials are disregarded, Plaintiff is left with just one ***actual*** allegation made in Paragraph 35.  (*See id.* at 10:18-12:13.)  In Paragraph 35, Plaintiff claims he "would not have acquired the iPhone 4s if he had not seen" ***unspecified*** "representations regarding the iOS update, the iPhone 4s' ability to download future iOS updates, Bluetooth and Wi-Fi connection capabilities, ability to backup data via iCloud and the ability to run apps via a Wi-Fi connection." (Compl. ¶ 35.)  Plaintiff must but does not specify these alleged representations; clearly, Plaintiff

cannot have relied on misrepresentations he is unable to identify.[3] *See Kearns*, 567 F.3d at 1126; *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 789-90 (N.D. Cal. 2011); *Kwikset v. Super. Ct.*, 51 Cal. 4th 310, 326 (2011). Conclusory allegations like those in Paragraph 35 are not enough to meet Plaintiff's pleading burden. *See In re iPhone 4S Consumer Litig.*, No. C12-1127 CW, 2013 WL 3829653, at *12-13 (N.D. Cal. July 23, 2013).

Finally, Plaintiff argues that he is not required to specify the advertisements on which he relied because Apple engaged in a "consistent, national marketing campaign." (Opp. at 11:10-23.) He is incorrect. First, the existence of a (properly alleged) pervasive, long-term advertising campaign does not afford plaintiffs "a general relaxation of the pleading requirements under Rule 9(b)." *In re iPhone 4s Consumer Litig.*, 2013 WL 3829653, at *12 (internal citation and quotation marks omitted). Rather, if a plaintiff alleges exposure to such a campaign, he or she must still plead reliance with specificity, however, it need not be "an unrealistic degree of specificity" to assert UCL standing. *Id.* (internal citation and quotation marks omitted). Rule 9(b) still applies, and Plaintiff must still comply with it. Second, Plaintiff does not allege any pervasive, long-term marketing campaign in his Complaint. Setting aside Plaintiff's conclusory references to an "advertising campaign," Plaintiff does not specify what representative advertisements made up the campaign or how long it lasted. *See id.* (finding insufficient plaintiff's advertising campaign allegations because they did not approach the degree of "longevity and pervasiveness" required under the controlling California state-court decision, which involved a decades-long marketing campaign). Tellingly, Plaintiff does not point to where in his Complaint he alleges a long-term, pervasive marketing campaign; instead, he again refers to the improperly submitted declaration of his counsel.

### B. Plaintiff's CLRA Claim Is Deficient

Plaintiff does not dispute that he cannot state a claim for violation of the CLRA based on

---

[3] For this reason, the cases cited by Apple in its Motion are entirely on point. (*See* Mot. at 4:19-22, 4:13-16.) Plaintiff attempts to distinguish these cases by arguing that, unlike the plaintiffs in *Maxwell*, *Baltazar*, *Herrington*, *Wehlage*, and *In re iPhone 4s Consumer Litigation*, he has specified the representations he contends are actionable and on which he relied. As discussed more fully above, he has not. To the extent Plaintiff has provided any detail not found in the Complaint, those materials are not properly considered on a Rule 12(b)(6) motion.

1  his free download of iOS 7.  Instead, he argues that his CLRA claim is based exclusively on his
2  acquisition of the iPhone 4s.  (Opp. at 15:27-16:3.)

### 1. Plaintiff Still Does Not Allege a Purchase or Sale

4  Plaintiff does not actually allege that he bought or leased his iPhone 4s.  As Apple argued
5  in its Motion, a purchase or lease is necessary to any CLRA claim.  (Mot. at 10:2-4.)  While he
6  repeatedly alleges that he "acquired" his iPhone 4s, nowhere in the Complaint does Plaintiff
7  actually allege that he exchanged anything of value to do so.  (*See, e.g.*, Compl. ¶¶ 35, 53.)
8  Plaintiff does not address this critical shortcoming in his Opposition either.  Indeed, the only
9  purchase or sale Plaintiff identifies is the "$199 that Plaintiff spent to *replace* his iPhone."  (Opp.
10 at 16:5-6, emphasis added.)   That is a separate transaction and cannot support his claims.

### 2. Plaintiff Still Does Not Identify Any "Fraudulent" Conduct

12  Plaintiff must allege that Apple made a misrepresentation at or before the time of
13  purchase, even if he shifts his focus from iOS 7 to the iPhone.  *See Kowalsky v. Hewlett-Packard
14  Co.*, 771 F. Supp. 2d 1138, 1152 (N.D. Cal. 2010) ("[A] misrepresentation made by HP after
15  Plaintiff purchased his printer would not support liability under the CLRA[.]"); *Baba v. Hewlett-
16  Packard Co.*, No. C09-05946 RS, 2011 WL 317650, at *2 (N.D. Cal. Jan. 28, 2011) (the viability
17  of a CLRA claim "depends solely on [plaintiff's] contention that [defendant] made false
18  statements . . . prior to his purchase").  In fact, Plaintiff does not allege that he *purchased* (or
19  leased) his iPhone 4s; nor does he allege a single, specific misrepresentation that he heard and
20  relied upon when he acquired his iPhone.

### C. Plaintiff Does Not Allege the Facts Necessary for his UCL Claim

### 1. Unlawful Prong:  No Unlawful Acts

23  To state a claim under the UCL's "unlawful" prong, Plaintiff must allege a predicate
24  statutory or legal violation.  *See, e.g.*, *Indep. Cellular Tel., Inc. v. Daniels & Assocs.*, 863 F. Supp.
25  1109, 1118 (N.D. Cal. 1994); *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824,
26  837-38 (2006) (dismissing UCL claim for lack of a violation of statute or other law).  Plaintiff's
27  "unlawful" UCL claim is premised on a violation of the CLRA.  (Opp. at 17:5-6.)  Because
28  Plaintiff cannot maintain his CLRA claim, he cannot assert a violation under the UCL's

APPLE INC.'S REPLY ISO MOTION TO DISMISS CLASS ACTION COMPLAINT
Case No. 5:14-cv-01974
la-1261902

7

"unlawful" prong.

### 2.     Unfair Prong: Substantial Benefits and No Wrongful Act

Plaintiff does not argue that Apple's purported conduct violated a public policy that is "tethered" to specific constitutional, regulatory, or statutory provisions. *See Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1145 (N.D. Cal. 2013). Instead, Plaintiff asserts that Apple's purported misrepresentations constitute "unfair" conduct under the "balancing test," which "examines whether the challenged business practice is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" *Herskowitz*, 940 F. Supp. 2d at 1145-46; *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010). Plaintiff still has not identified a misrepresentation by Apple, let alone one on which he relied, that caused him harm, and that might be considered "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." In fact, Plaintiff admits that iOS 7 provides substantial ***benefits*** to consumers, including increased efficiency and performance, access to over a million mobile apps, and enhanced security features. (*See, e.g.*, Compl. ¶¶ 8, 17.)

### 3.     Fraudulent Prong: No Actionable Misrepresentation

Neither the Complaint nor the Opposition identifies a single misrepresentation made by Apple regarding the iPhone 4s or iOS 7 that was likely to deceive Plaintiff or any reasonable consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Plaintiff's generalized assertions of "false" and "misleading" statements are insufficient to satisfy his heightened pleading burden. *See Kearns*, 567 F.3d at 1126; *Meinhold v. Sprint Spectrum, L.P.*, No. Civ. S-07-00456 FCD, 2007 WL 1456141, at *6 (E.D. Cal. May 16, 2007) (dismissing UCL claims under Rule 9(b) for "fail[ure] to identify any specific statement made by defendant").

### D.     Plaintiff's Own Allegations Contradict His Misrepresentation Claims

Plaintiff's intentional and negligent misrepresentation claims are based on his allegation that Apple made material misrepresentations to him regarding iOS 7 before he acquired his iPhone 4s. But, as discussed above, Plaintiff's allegations contradict themselves. Apple released the iPhone 4s — the only model iPhone Plaintiff claims to have acquired — on October 14, 2011.

(Compl. ¶¶ 2, 39.) Plaintiff acquired his iPhone 4s on April 30, 2012. (*Id.* ¶ 39.) Apple did not publicly unveil iOS 7 until *June 10, 2013*, and did not make iOS 7 available for download until *September 17, 2013*. (*Id.* ¶¶ 16, 41.) Plaintiff does not explain how Apple "knew or should have known" *anything* regarding iOS 7 in 2011 or 2012 — as much as two years before iOS 7 existed in the marketplace.

### E. Plaintiff Does Not State a Claim for Breach of Warranty

Seeking to avoid the clear language of the written warranty that accompanied his iPhone 4s, Plaintiff attempts to create a separate express warranty based on Apple's purported advertisements and marketing materials. Plaintiff "must plead the '*exact terms*' of the express warranty." *In re iPhone 4s Consumer Litig.*, 2013 WL 3829653, at *15 (emphasis added) (citing *Rossi v. Whirlpool Corp.*, No. 12-cv-125-JAM-JFM, 2013 U.S. Dist. LEXIS 46167, at *7-11 (E.D. Cal. Mar. 28, 2013).) "Plaintiffs must at least allege which particular commercials and webpages they each relied upon, must describe the content of those advertisements and pages with particularity and must allege with specificity their reasonable reliance thereon." *Id.* at *15. Plaintiff does not identify a single Apple advertisement, webpage, or other representation regarding Wi-Fi and/or Bluetooth functionality on which he reasonably relied. Plaintiff's allegations "are not sufficiently detailed to provide Apple with meaningful notice of which particular advertisements and webpages form the basis of [his] claim, or of what warranty terms Plaintiff[] maintain[s] were created by those commercials and pages." *Id*.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Apple's Motion and dismiss Plaintiff's Complaint, with prejudice.

Dated: September 4, 2014                MORRISON & FOERSTER LLP

                                        By:     /s/ David M. Walsh
                                               DAVID M. WALSH

                                        Attorneys for Defendant
                                        APPLE INC.