1  DAVID M. WALSH (CA SBN 120761)
   DWalsh@mofo.com
2  KAI S. BARTOLOMEO (CA SBN 264033)
   KBartolomeo@mofo.com
3  ADAM M. SEVELL (CA SBN 266428)
   ASevell@mofo.com
4  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
5  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
6  Facsimile: 213.892.5454

7  Attorneys for Defendant
   APPLE INC.

8

9               UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12

13 DAVID YASTRAB, JOHN KELLER,            Case No. 5:14-cv-01974-EJD
   DANIEL ARELLANO, PENELOPE
14 SHAW, EVELYN CORTEZ, STANLEY           **APPLE INC.'S NOTICE OF MOTION
   WILLIAMS, and MICHAEL ROBINS,          AND MOTION TO DISMISS
15 Individually and on Behalf of All Others   PLAINTIFFS' FIRST AMENDED
   Similarly Situated,                    CLASS ACTION COMPLAINT;
16                                         MEMORANDUM OF POINTS AND
                     Plaintiffs,          AUTHORITIES IN SUPPORT
17                                         THEREOF**
              v.
18                                         Hon. Edward J. Davila
   APPLE INC.,
19                                         Date:  October 8, 2015
                     Defendant.           Time: 9:00 a.m.
20                                         Courtroom 4
21                                         FAC Filed:  May 8, 2015
22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3   NOTICE OF MOTION AND MOTION ................................................................ 1

4   STATEMENT OF ISSUES TO BE DECIDED ..................................................... 1

5   MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

6   I.      INTRODUCTION ................................................................................ 1

7   II.     FACTUAL BACKGROUND ................................................................ 2

8           A.      Summary of Plaintiffs' Allegations ......................................... 2

9           B.      Plaintiffs' Alleged Experiences With Apple's iPhone 4s Advertisements ............ 3

10  III.    LEGAL STANDARD .......................................................................... 5

11  IV.     ARGUMENT ...................................................................................... 5

12          A.      Plaintiffs' UCL, CLRA, and Misrepresentation Claims Still Do Not Satisfy
                    Rule 9(b)'s Particularity Requirement ................................... 5

13

14                 1.      Plaintiffs Still Do Not Identify an Actionable Misrepresentation .............. 6

15                 2.      Plaintiffs Again Do Not Allege Reliance with Particularity ................. 7

16          B.      Plaintiffs Still Do Not Assert a Claim Under the UCL .......................... 9

17                 1.      Plaintiffs Cannot Identify Any "Unlawful" Business Practices ............... 10

18                 2.      Plaintiffs Still Do Not Plead "Unfair" Acts Under the UCL ................. 10

19                 3.      Plaintiffs Again Do Not Identify Any "Fraudulent" Conduct ................. 11

20          C.      Plaintiffs Cannot Plead a CLRA Claim ............................................. 12

21          D.      Plaintiffs' Negligent Misrepresentation Claim Is Barred by the Economic
                    Loss Rule ................................................................................... 13

22          E.      Plaintiffs Still Do Not Allege a Breach of Any Express Warranty ................ 13

23  V.      CONCLUSION ................................................................................... 15

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*Adams v. Johnson,*
   355 F.3d 1179 (9th Cir. 2004) ................................................................................................ 5

5

*Aeronaves de Mexico, S.A. v. McDonnell Douglas Corp.,*
   677 F.2d 771 (9th Cir. 1982) .............................................................................................. 13

6

7

*Aleksick v. 7-Eleven, Inc.,*
   205 Cal. App. 4th 1176 (2012) ........................................................................................... 10

8

9

*Arroyo v. Chattem, Inc.,*
   926 F.Supp.2d 1070 (N.D. Cal. 2012) ............................................................................... 15

10

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..................................................... 5

11

12

*Baba v. Hewlett-Packard Co.,*
   No. C 09-05946 RS, 2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ....................................... 12

13

14

*Baltazar v. Apple Inc.,*
   No. CV-10-3231-JF, 2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ............................... passim

15

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................................................... 5

16

17

*Berenblat v. Apple, Inc.,*
   Nos. 08-4969 JT (PVT), 09-1649 JT (PVT), 2010 WL 1460297 (N.D. Cal. Apr. 9,
   2010) ................................................................................................................................. 10

18

19

*Berryman v. Merit Prop. Mgmt., Inc.,*
   152 Cal.App.4th 1544 (2007) ............................................................................................. 10

20

21

*Cadlo v. Owens-Illinois, Inc.,*
   125 Cal. App. 4th 513 (2004) ............................................................................................... 8

22

23

*Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
   637 F.3d 1047 (9th Cir. 2011) .............................................................................................. 6

24

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
   20 Cal. 4th 163 (1999) ....................................................................................................... 11

25

26

*Century Sur. Co. v. Crosby Ins., Inc.,*
   124 Cal. App. 4th 116 (2004) ............................................................................................... 8

27

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,*
   173 F.3d 725 (9th Cir. 1999) ................................................................................................ 7

28

*Coleman v. Boston Scientific Corp.*,
  2011 U.S. Dist. LEXIS 42826 (E.D. Cal. Apr. 20, 2011) ........................................................ 15

*Daugherty v. Am. Honda Motor Co., Inc.*,
  144 Cal. App. 4th 824 (2006) ............................................................................................ 10, 14

*Doe v. Wal-Mart Stores, Inc.*,
  572 F.3d 677 (9th Cir. 2009) ..................................................................................................... 5

*Drum v. San Fernando Valley Bar Ass'n*,
  182 Cal. App. 4th 247 (2010) ................................................................................................... 11

*Farmers Ins. Exch. v. Super. Ct.*,
  2 Cal. 4th 377 (1992) ............................................................................................................... 10

*Garcia v. Sony Computer Entm't Am., LLC*,
  859 F. Supp. 2d 1056 (N.D. Cal. 2012) ..................................................................................... 9

*Gertz v. Toyota Motor Corp.*,
  No. CV 10-1089 PSG, 2011 WL 3681647 (C.D. Cal. Aug. 22, 2011) ..................................... 10

*Herrington v. Johnson & Johnson Consumer Cos., Inc.*,
  No. C 09-1597 CW, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ............................................ 8

*Hill v. Roll Int'l Corp.*,
  195 Cal. App. 4th 1295 (2011) ................................................................................................. 11

*In re Actimmune Mktg. Litig.*,
  No. 08-cv-02376, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009),
  *aff'd by* 464 F. App'x 651 (9th Cir. 2011) .............................................................................. 11

*In re Clorox Consumer Litig.*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ................................................................................... 15

*In re iPhone 4S Consumer Litig.*,
  No. C 12-1127 CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013) ............................................ 9

*In re iPhone 4s Consumer Litig.*,
  No. C 12-1127 CW, 2014 WL 589388 (N.D. Cal. Feb. 14, 2014) ........................................... 14

*Indep. Cellular Tel., Inc. v. Daniels & Assocs.*,
  863 F. Supp. 1109 (N.D. Cal. 1994) ........................................................................................ 10

*J'Aire Corp. v. Gregory*,
  24 Cal. 3d 799 (1979) ............................................................................................................... 13

*JMP Sec. LLP v. Altair Nanotechnologies Inc.*,
  880 F. Supp. 2d 1029 (N.D. Cal. 2012) ................................................................................... 13

*Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*,
　　315 F. App'x 603 (9th Cir. 2008) ........................................................................... 13

*Kearns v. Ford Motor Co.*,
　　567 F.3d 1120 (9th Cir. 2009) .................................................................................. 6

*Kowalsky v. Hewlett-Packard Co.*,
　　771 F. Supp. 2d 1138 (N.D. Cal. 2010), *vacated in part* 771 F. Supp. 2d 1156 (N.D.
　　Cal. 2011) ............................................................................................................... 12

*Krainski v. State ex rel. Bd. of Regents*,
　　616 F.3d 963 (9th Cir. 2010) .................................................................................... 5

*Kwikset v. Super. Ct.*,
　　51 Cal. 4th 310 (2011) (UCL) ................................................................................... 7

*Lavie v. Procter & Gamble Co.*,
　　105 Cal. App. 4th 496 (2003) ............................................................................ 11, 12

*Long v. Hewlett-Packard Co.*,
　　316 F. App'x 585 (9th Cir. 2009) ........................................................................... 14

*Maneely v. Gen. Motors Corp.*,
　　108 F.3d 1176 (9th Cir. 1997) ................................................................................ 14

*Maxwell v. Unilever U.S., Inc.*,
　　No. 5:12-CV-01736-EJD, 2013 WL 1435232 (N.D. Cal. Apr. 9, 2013) ............... 7, 8

*McKinney v. Google, Inc.*,
　　No. 5:10-cv-01177 EJD (PSG), 2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) ...... 6

*Meinhold v. Sprint Spectrum, L.P.*,
　　2007 WL 1456141 (E.D. Cal. May 16, 2007) .......................................................... 12

*Meyer v. Sprint Spectrum, L.P.*,
　　45 Cal. 4th 634 (2009) ............................................................................................. 7

*Minkler v. Apple, Inc.*,
　　No. 5:13-cv-05332-EJD, 2014 WL 4100613 (N.D. Cal. Aug. 20, 2014) .......... 7, 13

*Nabors v. Google, Inc.*,
　　No. 5:10-cv-03897 EJD (PSG), 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) ... 14, 15

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*,
　　171 Cal. App. 4th 35 (2009) ..................................................................................... 8

*People v. McKale*,
　　25 Cal. 3d 626 (1979) ............................................................................................. 10

*Robinson Helicopter Co., Inc. v. Dana Corp.,*
   34 Cal. 4th 979 (2004) ................................................................................. 7, 13

*Smedt v. Hain Celestial Grp., Inc.,*
   No. 5:12-CV-03029 EJD, 2013 WL 4455495 (N.D. Cal. Aug. 16, 2013) ............................. 6

*Smith & Hawken, Ltd. v. Gardendance, Inc.,*
   2004 WL 2496163 (N.D. Cal. Nov. 5, 2004)....................................................... 11

*Tietsworth v. Sears, Roebuck and Co.,*
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ............................................................ 13

*Tomek v. Apple, Inc.,*
   No. 2:11-cv-02700-MCE-DAD, 2012 WL 2857035 (E.D. Cal. July 11, 2012).................... 14

*Vess v. Ciba-Geigy Corp. USA,*
   317 F.3d 1097 (9th Cir. 2003)....................................................................... 6

*Wehlage v. EmpRes Healthcare, Inc.,*
   791 F. Supp. 2d 774 (N.D. Cal. 2011) .............................................................. 7

*Williams v. Gerber Prods. Co.,*
   552 F.3d 934 (9th Cir. 2008)....................................................................... 11

*Yastrab v. Apple Inc.,*
   No. 5:14-cv-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ...................... passim

**STATUTES**

Cal. Civ. Code § 1770(a)............................................................................ 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) .............................................................................. 5

Fed. R. Civ. P. 9(b) ............................................................................ passim

Fed. R. Civ. P. 12(b)(6)........................................................................... 1, 5

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFFS DAVID YASTRAB, JOHN KELLER, DANIEL ARELLANO, PENELOPE SHAW, EVELYN CORTEZ, STANLEY WILLIAMS, AND MICHAEL ROBINS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 8, 2015, at 9:00 a.m., in Courtroom 4 of the U.S. District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California, 95113 before the Honorable Edward J. Davila, Defendant Apple Inc. ("Apple") will and hereby does move to dismiss Plaintiffs' First Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all other pleadings and papers on file herein, and such other argument and evidence as may be presented to the Court.

Dated: June 8, 2015                         MORRISON & FOERSTER LLP

By:     /s/ David M. Walsh
        DAVID M. WALSH

        Attorneys for Defendant
        APPLE INC.

## STATEMENT OF ISSUES TO BE DECIDED

1.     Whether Plaintiffs again do not plead their fraud-based consumer protection and misrepresentation claims with the particularity required by Federal Rule of Civil Procedure 9(b).

2.     Whether Plaintiffs still do not plead the elements of their UCL, CLRA, and misrepresentation claims.

3.     Whether Plaintiffs' negligent misrepresentation claim is barred by the economic loss rule.

4.     Whether Plaintiffs again do not identify an express warranty or adequately allege a breach of any warranty.

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.   INTRODUCTION**

3    Plaintiffs add six putative class representatives, include over 20 paragraphs of "new"

4  allegations, and append several pages of exhibits to their First Amended Complaint ("FAC").  But

5  the result is unchanged:  Plaintiffs still cannot identify, let alone allege that they relied upon, any

6  advertisement or representation made by Apple about operating systems ("iOS") updates and

7  iPhone Wi-Fi or Bluetooth capabilities.  The UCL, CLRA, and misrepresentation claims should,

8  once again, be dismissed because Plaintiffs do not meet the heightened pleading standard required

9  by Federal Rule of Civil Procedure 9(b).

10    1.    **No misrepresentation.**  The Court dismissed Mr. Yastrab's initial Complaint

11  because he "has not pointed to anything ***specific*** within Apple's advertising or marketing of the

12  iPhone which promise that the Wi-Fi and Bluetooth functions would operate without interruption

13  through all software updates."  *Yastrab v. Apple Inc.*, No. 5:14-cv-01974-EJD, 2015 WL

14  1307163, at *6 (N.D. Cal. Mar. 23, 2015) (emphasis added).  In the FAC, Plaintiffs again only

15  point to "various representations regarding the iPhone 4s" that they characterize as "general

16  statements"; they remain unable to identify a single, actionable misstatement made by Apple at

17  the time each Plaintiff purchased his or her device.  Moreover, the Court previously recognized

18  that "representations about the subsequently-released operating software . . . [did] not aid" Mr.

19  Yastrab's fraud-based claims.  (*Id.* at *5.)  The addition of six plaintiffs does not change the

20  result; Plaintiffs still cannot rely on post-purchase representations made in connection with the

21  release of the free iOS 7 update ***two years after*** the iPhone 4s was first sold.

22    **No reasonable reliance.**  The Court also dismissed the Complaint because it "left

23  unanswered [ ] whether it was reasonable for Plaintiff to believe based on what he saw or heard

24  that his iPhone 4's Bluetooth and Wi-Fi capabilities would always work despite changes to the

25  operating software, or that the phone would be able to download and run iOS 7 effectively when

26  it was eventually released."  (*Id.*)  These same questions persist.  While Plaintiffs attach almost

27  100 pages of advertisements, press releases, website screenshots, and packaging materials that

28  "generally relate" to the iPhone, various iPhone features, and iOS 7, they do not allege ***which*** of

1

these materials they viewed, **when** and **where** they saw them, **which** specific representations in those materials were misleading, **how** they interpreted them, or **why** they impacted their decision to purchase an iPhone. Rule 9(b) demands more than generic allegations that each plaintiff — on an unspecified date — relied on some or all of various marketing materials. Not even one of the named plaintiffs identifies a *specific* misrepresentation in any of the appended advertising materials or pleads anything more than conclusory reliance on those materials. Plaintiffs' inability to satisfy Rule 9(b)'s particularity requirements again compels dismissal.

Apple also seeks dismissal of Plaintiffs' negligent misrepresentation claim because it is barred by the economic loss doctrine, and their breach of express warranty claim because it still does not allege the precise terms of any warranty that Apple purportedly created.[1]

## II.    FACTUAL BACKGROUND

### A.    Summary of Plaintiffs' Allegations

The iPhone 4s was launched on October 14, 2011. (FAC ¶ 11.) All but one Plaintiff[2] claims to have purchased an iPhone 4s at some point in 2012. (*Id.* ¶¶ 41-43, 45-48.) The free software update, iOS 7, was made available for download on September 17, 2013, over one year after each Plaintiff purchased his or her phone. (*Id.* ¶ 55.) Plaintiffs contend that, after they downloaded and installed iOS 7, they began to experience[3] "reduced functionality" in their iPhones. (*Id.* ¶ 1.) Plaintiffs claim that they became unable to connect to Wi-Fi networks and to Bluetooth. (*Id.* ¶¶ 6, 55.) They allege that they each ultimately purchased a new or refurbished phone as a result. (*Id.* ¶ 10.) The heart of Plaintiffs' case remains their allegation that Apple falsely "marketed, advertised and warranted . . . that each iPhone was . . . capable of downloading

---

[1] Apple incorporates by reference the arguments it asserted in its initial motion to dismiss Mr. Yastrab's Complaint. Apple expressly reserves the right to raise these arguments in response to any appeal by Plaintiffs from a final dismissal order, or otherwise.

[2] Mr. Arellano claims to have purchased his iPhone 4s in 2009. (FAC ¶ 44.) As this was two years before the iPhone 4s was launched (*id.* ¶ 11), Mr. Arellano either misstates his purchase date or purchased another iPhone model.

[3] Mr. Yastrab alleges that he downloaded iOS 7 in October 2013, 18 months after he purchased his iPhone 4s. (*Id.* ¶ 73.) The other Plaintiffs are entirely silent regarding the date on which they downloaded or installed iOS 7 and when their iPhones allegedly began to experience a loss of functionality.

and running future versions of iOS, such as iOS 7 (without adverse effects to the device's Wi-Fi and Bluetooth connection capabilities)." (*Id.* ¶ 35.) Plaintiffs again assert violations of the UCL and CLRA, negligent and intentional misrepresentation, and breach of express warranty. They bring their claims on behalf of a nationwide class of "users of Apple iPhone 4s[4] . . . who experienced a loss of Wi-Fi and/or Bluetooth functionality after downloading the latest version of iOS." (*Id.* ¶ 101.)

**B.    Plaintiffs' Alleged Experiences With Apple's iPhone 4s Advertisements**

Plaintiffs do not identify the ***specific statements*** made by Apple on which they allegedly relied, ***when or where*** they allegedly were exposed to those statements, or ***how*** those statements were false or misleading.

- **David Yastrab:** Mr. Yastrab alleges that, at some point before he purchased his iPhone 4s, he "visited Apple's website" and read "various representations regarding the iPhone 4s." (FAC ¶ 71.) He admits that he viewed "general statements" regarding various features of the iPhone 4s and iOS 5 (the operating system that was pre-loaded onto the iPhone). (*Id.*) Mr. Yastrab contends that, after reading these unspecified representations, he "understood . . . that as new software became available he would have the option to upgrade in order to improve the performance of the device." (*Id.*) Mr. Yastrab does not claim that he read or relied on any specific statements regarding the effect of the (future) iOS 7 update on his iPhone's Wi-Fi or Bluetooth functionality.

- **John Keller:** Mr. Keller claims that he "purchased the iPhone 4s because of its Wi-Fi and smartphone capabilities, and based upon Apple's representations about those attributes." (*Id.* ¶ 74.) Mr. Keller does not identify either the specific "representations" or "attributes" he is referring to and does not allege when or where he heard or read them. Nor does he explain why they were false. He asserts that "had he known that upgrading the iPhone's iOS software could cause the Wi-Fi feature to become unusable, he never would have purchased the iPhone 4s." (*Id.*)

---

[4] Paragraphs 1 and 37 of the FAC allege that Plaintiffs' claims are brought on behalf of all purchasers of iPhone 4, 4s, and 5, but the class definition is limited to iPhone 4s users. (*Id.*)

- **Daniel Arellano:**  Mr. Arellano claims that he purchased the iPhone 4s "after seeing and hearing various Apple advertisements regarding the features of the device, including TV commercials and the Apple website, both of which represented the iPhone 4s' new features and smartphone capabilities." (*Id.* ¶ 75.)  Mr. Arellano does not identify when or where he viewed the "various Apple advertisements."  Nor does he allege which "TV commercials" he viewed, what specific statements he relied upon, or what iPhone "features" were important to his purchasing decision.  Like the other Plaintiffs, Mr. Arellano makes the conclusory allegation that he (and his wife) "would not have purchased the iPhone 4s had they known the iOS software could not be upgraded without probable damage to the Wi-Fi features of their phones."  (*Id.*)

- **Penelope Shaw:**  Ms. Shaw alleges that she purchased her iPhone 4s in December 2012 "specifically because she needed a smartphone with Wi-Fi, as well as a map application for use while she was abroad, and had seen or heard Apple's representations about these attributes." (*Id.* ¶ 76.)  She does not identify "Apple's representations," explain when she saw or heard them, or allege why and how she relied upon them.  Ms. Shaw then alleges that "she would not have purchased the iPhone 4s had she known that the iOS updates Apple could send to her iPhone would cause" a loss of Wi-Fi connectivity.  (*Id.*)

- **Evelyn Cortez:**  Ms. Cortez alleges that, "prior to purchasing the iPhone 4s . . . she viewed iPhone 4s commercials featuring Siri, a new feature on the iPhone 4s smartphone." (*Id.* ¶ 77.)  She further alleges that "[s]he purchased the iPhone 4s because she liked the new features, including iMessage, and because it was a smartphone." (*Id.*)  Ms. Cortez does not specify the circumstances under which she was exposed to the "iPhone 4s commercials," nor does she identify a representation made by Apple in those commercials that was untrue.  Instead, she alleges only that "[s]he would not have purchased the iPhone 4s if it did not have Wi-Fi." (*Id.*)

- **Stanley Williams:**  Mr. Williams "purchased the iPhone 4s specifically because it was a smartphone with Wi-Fi capabilities and based on representations by Apple about those capabilities."  (*Id.* ¶ 78.)  Mr. Williams does not identify the "representations by Apple" on which he premises his claims.  He relies on the conclusory assertion that he "would not have purchased the iPhone 4s had it not been equipped with Wi-Fi" and "had he known that the device's iOS

1    software upgrades would cause" a loss of Wi-Fi connectivity.  (*Id.*)

2    &bull; **Michael Robins:**  Mr. Robins contends that, "prior to purchasing the iPhones . . .

3    [he] viewed an Apple commercial featuring the iPhone 4s' new Siri feature, as well as other

4    features of the device" and that he "went online to Apple's webpage and viewed Apple's

5    comparison of iPhone models 3GS, 4, and 4s."  (*Id.* ¶ 79.)  Mr. Robins does not, among other

6    things: (i) specifically identify the "Apple commercial" he references; (ii) explain how Apple's

7    representations regarding Siri pertain to his claims or were false in any regard; or (iii) articulate

8    the aspects of the "comparison of iPhone models" that drove his decision to purchase the iPhone

9    4s.  He, too, contends that had he "known that upgrading the iPhones' iOS software could

10   possibly cause the [loss of Wi-Fi connectivity], he would not have purchased them."  (*Id.*)

## III.    LEGAL STANDARD

12   A court must dismiss a complaint under Rule 12(b)(6) where a plaintiff fails to set forth

13   "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

14   550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662,

15   678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  To survive a Rule 12(b)(6) motion, "a complaint

16   must contain sufficient factual matter to state a facially plausible claim to relief."  *Krainski v.

17   State ex rel. Bd. of Regents*, 616 F.3d 963, 972 (9th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678);

18   Fed. R. Civ. P. 8(a)(2).  A pleading that offers "labels and conclusions" or "a formulaic recitation

19   of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

20   550 U.S. at 555).  Although a court must accept factual allegations as true, "conclusory

21   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

22   *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (quoting *Adams v. Johnson*, 355

23   F.3d 1179, 1183 (9th Cir. 2004)).

## IV.    ARGUMENT

### A.    Plaintiffs' UCL, CLRA, and Misrepresentation Claims Still Do Not Satisfy Rule 9(b)'s Particularity Requirement

The Court previously held that Rule 9(b)'s requirements apply to *each* of Plaintiffs' fraud-

based UCL, CLRA and misrepresentation claims.  *See Yastrab*, 2015 WL 1307163, at *3.

1   Conclusory allegations of fraud are insufficient.  Plaintiffs must allege specific facts establishing

2   the *time, place, and content* of the alleged fraudulent representations or omissions — the "who,

3   what, when, where, and how" — as well as the circumstances indicating fraudulent conduct.  *Vess*

4   *v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and

5   citation omitted).  They must also allege "what is false or misleading about [the purportedly

6   fraudulent] statement, and why it is false."  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

7   1047, 1055 (9th Cir. 2011) (alteration in original) (internal quotation marks and citation omitted).

8   ### 1.    Plaintiffs Still Do Not Identify an Actionable Misrepresentation

9   The Court dismissed Mr. Yastrab's initial Complaint because he did not allege "some

10  specific statements, state where or on what medium those statements were made, and reveal how

11  Plaintiff accessed them."  *Yastrab*, 2015 WL 1307163, at *4.  The same defect persists in the

12  FAC.  Despite its length, the FAC does not identify a single, ***specific representation*** allegedly

13  made by Apple at the time that each Plaintiff purchased his or her iPhone addressing how the

14  iPhone's Wi-Fi or Bluetooth functionality might be impacted by a future iOS update.  *See Kearns*

15  *v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (plaintiff did not satisfy Rule 9(b) where

16  he did not "specify what the television advertisements or other sales material specifically stated");

17  *Smedt v. Hain Celestial Grp., Inc.*, No. 5:12-CV-03029 EJD, 2013 WL 4455495, at *4 (N.D. Cal.

18  Aug. 16, 2013) (complaint dismissed under Rule 9(b) where plaintiff did not identify "the

19  allegedly unlawful representations that were on the products, and the particular statements

20  Plaintiff allegedly relied on when making her purchases").

21  Instead, without identifying any specific language, Plaintiffs point to "general statements"

22  and advertising materials regarding the capabilities of the iPhone 4s and (over a year later) iOS 7.

23  (*See e.g.*, ¶¶ 71-79.)  Broad, conclusory allegations that Apple made misrepresentations are not

24  enough.  Plaintiffs must specifically identify the statements — the actual words — they contend

25  are actionable.  *See McKinney v. Google, Inc.*, No. 5:10-cv-01177 EJD (PSG), 2011 WL

26  3862120, at *5 (N.D. Cal. Aug. 30, 2011) (dismissing claims where plaintiff "merely assert[ed]

27  that she based her decision to buy the . . . Phone on [defendants'] misrepresentations but [did] not

28  particularly identif[y] any representation upon which she relied or allege[] facts showing her

1    actual and reasonable reliance on any such representations"); *Baltazar v. Apple Inc.*, No. CV-10-

2    3231-JF, 2011 WL 588209, at *3-4 (N.D. Cal. Feb. 10, 2011) (plaintiffs failed to "ple[ad] with

3    specificity the content of the alleged misrepresentations made by Apple in its commercials and

4    advertisements").

5          Plaintiffs' inability to identify any misrepresentation again precludes them from providing

6    a particularized account of when or where an alleged misrepresentation was made, or any other

7    specific circumstances regarding the alleged misrepresentation.  *See Minkler v. Apple, Inc.*, No.

8    5:13-cv-05332-EJD, 2014 WL 4100613, *7 (N.D. Cal. Aug. 20, 2014) ("Because Plaintiff has not

9    pled with particularity the circumstances surrounding Apple's fraudulent behavior, she has failed

10   to meet the 9(b) pleading standards for her claims sounding in fraud and the Court will dismiss

11   the CLRA, FAL, and UCL counts against Apple."); *Wehlage v. EmpRes Healthcare, Inc.*, 791 F.

12   Supp. 2d 774, 789-90 (N.D. Cal. 2011) (dismissal appropriate where plaintiff did not "allege the

13   circumstances in which she viewed [the allegedly fraudulent] materials or what was false about

14   them"); *Maxwell v. Unilever U.S., Inc.*, No. 5:12-CV-01736-EJD, 2013 WL 1435232, at *4 (N.D.

15   Cal. Apr. 9, 2013) (plaintiff must "provide an unambiguous account of the 'time, place, and

16   specific content of the false representations.'") (citation omitted).  Likewise, without a specific

17   representation to point to, Plaintiffs cannot explain *how* any alleged misrepresentation was

18   misrepresentative or fraudulent.  *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173

19   F.3d 725, 731 (9th Cir. 1999) (alleged misrepresentations must be "specific and measurable

20   claim[s], capable of being proved false or of being reasonably interpreted as a statement of

21   objective fact").

22          **2.      Plaintiffs Again Do Not Allege Reliance with Particularity**

23          In his initial Complaint, Mr. Yastrab did not plead with Rule 9(b) particularity his *actual*

24   reliance on an allegedly misleading statement made at or before he purchased his iPhone.  *See*

25   *Yastrab*, 2015 WL 1307163, at *5; *Kwikset v. Super. Ct.*, 51 Cal. 4th 310, 326 (2011) (UCL);

26   *Meyer v. Sprint Spectrum, L.P.*, 45 Cal. 4th 634, 641 (2009) (CLRA); *Robinson Helicopter Co.,*

27

28

1    *Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (intentional misrepresentation)[5]; *Century Sur.*

2    *Co. v. Crosby Ins., Inc.*, 124 Cal. App. 4th 116, 129 (2004) (negligent misrepresentation).

3    Plaintiffs' amended allegations are equally deficient.

4          Although Plaintiffs now allege reliance on certain marketing materials ***as a whole*** (*e.g.*,

5    FAC ¶¶ 71-79, Exs. A-N), they are unable to allege ***a single particular statement*** in those

6    materials that is false and misleading, "the circumstances in which [Plaintiffs] were exposed" to

7    that statement, or that they relied upon it. *See Herrington v. Johnson & Johnson Consumer Cos.,*

8    *Inc.*, No. C 09-1597 CW, 2010 WL 3448531, at *7, *11 (N.D. Cal. Sept. 1, 2010) (dismissing

9    UCL, CLRA, and misrepresentation claims where plaintiffs pled neither "the circumstances in

10   which they were exposed to these [allegedly false or misleading] statements" nor "upon which of

11   these misrepresentations they relied in making their purchase"); *Maxwell*, 2013 WL 1435232, at

12   *2, *5 (no Rule 9(b) particularity when plaintiff alleged "that she relied on the statements located

13   on the labeling and the websites when making her decision to purchase the products" but "fail[ed]

14   to unambiguously specify . . . the particular statements [p]laintiff allegedly relied on when

15   making her purchases.").  Against their pleading burden, Plaintiffs generally allege that, at

16   unspecified times and places[6]:

17         •   **Mr. Yastrab** relied on "various representations regarding the iPhone 4s" and

18   "general statements" regarding various features of the iPhone 4s and iOS 5.

19         •   **Mr. Keller** relied on "Apple's representations about [unspecified] . . . Wi-Fi and

20

21         [5] To state a claim for intentional misrepresentation, a plaintiff must allege:
     "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of
22   falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5)
     resulting damage." *Baltazar*, 2011 WL 588209, at *3.  "The same elements comprise a cause of
23   action for negligent misrepresentation, except there is no requirement of intent to induce
     reliance." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004).  Each of these
24   elements, "particularly the allegations of reliance," must be pled with heightened specificity.
     *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal.
25   App. 4th 35, 50 (2009).  As explained above, Plaintiffs do not adequately allege an actionable
     misrepresentation, reliance, or resulting injury.

26         [6] As part of its prior dismissal Order, the Court recognized that Mr. Yastrab could not
     have relied on (unspecified) representations regarding the compatibility of an operating system
27   that was not even released until ***almost 18 months*** after he purchased his iPhone.  *See Yastrab*,
     2015 WL 1307163, at *5.  That determination equally applies to each of the new named plaintiffs.
28

smartphone capabilities."

- **Mr. Arellano** relied on "various Apple advertisements . . . including TV commercials and the Apple website."

- **Ms. Shaw** relied on "Apple's representations about [certain iPhone 4s] attributes."

- **Ms. Cortez** relied on unspecified "iPhone 4s commercials featuring Siri[.]"

- **Mr. Williams** relied on "representations by Apple about [unspecified Wi-Fi and Bluetooth] capabilities."

- **Mr. Robins** relied on an unspecified "Apple commercial featuring the iPhone 4s' new Siri feature, as well as other features of the device" and on "Apple's webpage."

(FAC ¶¶ 71-79.)  These allegations are just not enough.  Plaintiffs must allege what particular misstatements they saw, when they saw them, and how they reasonably relied on them. *See Garcia v. Sony Computer Entm't Am., LLC*, 859 F. Supp. 2d 1056, 1063 (N.D. Cal. 2012) (where complaint "generally asserts that the statements to be found on the PS3's packaging and Sony's website are misleading" but "does not specifically aver that Garcia relied on those particular statements" this omission was "fatal under Rule 9(b)").  "Mere assertions of reliance" like those alleged here have been repeatedly dismissed for failure to satisfy Rule 9(b).  *Baltazar*, 2011 WL 588209, at *2-3 (citation omitted) (reliance not properly pled under Rule 9(b) where plaintiffs claimed they relied on "a commercial" or "the commercial" but did not identify any specific representations in the commercial on which they allegedly relied."); *In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653, *12-13 (N.D. Cal. July 23, 2013) (dismissing UCL and CLRA claims because plaintiffs did not "allege with specificity which commercials or other misleading advertisements they each relied upon in purchasing their devices.").

**B.     Plaintiffs Still Do Not Assert a Claim Under the UCL**

The Court dismissed Mr. Yastrab's UCL claim in its entirety because he did not allege sufficient facts to show that Apple engaged in any fraudulent, unfair, or unlawful business practices.  *Yastrab*, 2015 WL 1307163, at *7.  Plaintiffs' amended allegations do not provide the necessary facts either.

1

**1.      Plaintiffs Cannot Identify Any "Unlawful" Business Practices**

Plaintiffs' amended allegations still do not support a claim under the "unlawful" prong of the UCL.  An "unlawful" practice or act under the UCL is "anything that can properly be called a business practice and that at the same time is forbidden by law."  *People v. McKale*, 25 Cal. 3d 626, 634 (1979) (internal quotation marks and citation omitted).  The UCL "borrows" violations from other laws and treats them as unlawful practices that are independently actionable under the UCL.  *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992).  Courts routinely dismiss UCL claims where a plaintiff has failed to establish a predicate violation of underlying law.  *See e.g.*, *Indep. Cellular Tel., Inc. v. Daniels & Assocs.*, 863 F. Supp. 1109, 1118 (N.D. Cal. 1994); *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837-38 (2006).

Here, the sum and substance of Plaintiffs' "unlawful" prong charging allegations remains that Apple violated the CLRA.  (FAC ¶ 121.)  Plaintiffs still have not pled a violation of the CLRA (or any other statute or common law[7]) that could serve as the predicate for their "unlawful" prong claim.  *See Baltazar*, 2011 WL 588209, at *5 (dismissing claim under the unlawful prong because "[p]laintiffs so far have failed to state a viable claim for fraud, intentional or negligent misrepresentation, or any other actionable wrongdoing.").

**2.      Plaintiffs Still Do Not Plead "Unfair" Acts Under the UCL**

California courts apply one of three tests to determine whether an act or practice is "unfair" under the UCL.  *See Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1192 (2012).  Plaintiffs do not satisfy any of these tests.  Under the first test, Plaintiffs must allege that their consumer injury "is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided."  *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1555 (2007) (citation and internal quotation marks omitted).  The second test requires Plaintiffs to plead that the business practice at

_____

[7] Neither have Plaintiffs asserted a viable statutory breach of warranty claim to support their UCL claim.  *See Gertz v. Toyota Motor Corp.*, No. CV 10-1089 PSG (VBKx), 2011 WL 3681647, at *6 (C.D. Cal. Aug. 22, 2011) (dismissing UCL claim where plaintiffs did not adequately allege breach of warranty claims); *Berenblat v. Apple, Inc.*, Nos. 08-4969 JT (PVT), 09-1649 JT (PVT), 2010 WL 1460297, at *6 (N.D. Cal. Apr. 9, 2010) (same).

1  issue "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and

2  requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to

3  the alleged victim."  *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010)

4  (citation and internal quotation marks omitted).  Finally, to the extent Plaintiffs' "unfair" prong

5  claim is predicated on public policy, that policy must be "tethered" to specific constitutional,

6  regulatory, or statutory provisions, because "[c]ourts may not simply impose their own notions of

7  the day as to what is fair or unfair."  *Cel-Tech Commc'ns, Inc. v. L.A.  Cellular Tel. Co.*, 20 Cal.

8  4th 163, 182, 185 (1999).

9          Plaintiffs again conflate the first and second tests.  They assert the same, boilerplate

10  allegation that Apple's "conduct is substantially injurious to consumers, offends public policy,

11  and is immoral, unethical, oppressive and unscrupulous as the gravity of the conduct outweighs

12  any alleged benefits attributable to such conduct."  (FAC ¶ 122.)  Because Plaintiffs' contention

13  that Apple's conduct is "unfair" arises from the same allegations as those underlying their fraud-

14  based causes of action, their claims sound in fraud, and do not meet the heightened pleading

15  standard of Rule 9(b).  *See In re Actimmune Mktg. Litig.*, No. 08-cv-02376, 2009 WL 3740648, at

16  *14 (N.D. Cal. Nov. 6, 2009) (dismissing plaintiffs' UCL "unfair" prong claim because it

17  "overlap[s] entirely with their claims of fraud" and is deficient under Rule 9(b) for the same

18  reasons), *aff'd by* 464 F. App'x 651 (9th Cir. 2011); *Smith & Hawken, Ltd. v. Gardendance, Inc.*,

19  2004 WL 2496163, at *5-6 (N.D. Cal. Nov. 5, 2004) (dismissing UCL claim because a party

20  "alleging unfair business practices under the [UCL] must state with reasonable particularity the

21  facts supporting the statutory elements of the violation") (internal quotation marks omitted).

22          **3.       Plaintiffs Again Do Not Identify Any "Fraudulent" Conduct**

23          Claims of deception under the UCL are evaluated by whether a "reasonable consumer"

24  would be likely to be deceived.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir.

25  2008) (citation omitted); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011).  "'Likely

26  to deceive' implies more than a mere possibility that the advertisement might conceivably be

27  misunderstood by some few consumers viewing it in an unreasonable manner."  *Lavie v. Procter*

28  *& Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).  Plaintiffs still do not — because they cannot

1  — identify a single misrepresentation made by Apple in connection with their purchase of the

2  iPhone 4s.  (FAC ¶ 123.)  Instead, like the initial complaint, Plaintiffs rely on the same generic

3  assertions of "false" and "misleading" statements and citations to "general" advertising and

4  marketing materials.  (*Id.* ¶¶ 71-79, Exs. A-N); *Meinhold v. Sprint Spectrum, L.P.*, 2007 WL

5  1456141, at *6 (E.D. Cal. May 16, 2007) (dismissing UCL claims under Rule 9(b) where the

6  plaintiff "failed to identify any specific statement made by defendant").

7          **C.**      **Plaintiffs Cannot Plead a CLRA Claim**

8          The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or

9  practices undertaken by any person in a transaction intended to result or which results in the sale

10  or lease of goods or services to any consumer[.]"  Cal. Civ. Code § 1770(a).  To state a viable

11  CLRA claim, Plaintiffs must allege that Apple made a misrepresentation at or before the time

12  they purchased their iPhones.  *See Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1152

13  (N.D. Cal. 2010) ("[A] misrepresentation made by HP after Plaintiff purchased his printer would

14  not support liability under the CLRA[.]"), *vacated in part* 771 F. Supp. 2d 1156 (N.D. Cal. 2011);

15  *Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2011 WL 317650, at *2 (N.D. Cal. Jan. 28,

16  2011) (the viability of a CLRA claim "depends solely on [plaintiff's] contention that [defendant]

17  made false statements . . . prior to his purchase.").

18          As with the Complaint, Plaintiffs' own allegations again confirm that Apple could not

19  have made a misrepresentation at or before the time Plaintiffs purchased their iPhone 4s devices.

20  While Plaintiffs do not specifically allege when they downloaded the iOS 7 software, it could not

21  have been until September 2013, when the iOS 7 update was first made available for download.

22  (FAC ¶ 55.)  That was, at a minimum, ***at least one year after*** each Plaintiff purchased his or her

23  iPhone.  (*Id.* ¶¶ 42-48.)  As the Court previously held, Apple could not have misrepresented

24  information regarding the effect of iOS 7 on Plaintiffs' WiFi and Bluetooth capabilities at the

25  time they each purchased their iPhone because iOS 7 ***did not yet exist***.  *See Yastrab*, 2015 WL

26  1307163, at *5.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.      Plaintiffs' Negligent Misrepresentation Claim Is Barred by the Economic Loss Rule**

The economic loss rule bars negligence-based claims where the product at issue has not caused personal injury or damage to other property. *See Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.,* 315 F. App'x 603, 605 (9th Cir. 2008); *J'Aire Corp. v. Gregory,* 24 Cal. 3d 799, 804 (1979). "[W]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone[.]" *Robinson Helicopter Co.*, 34 Cal. 4th at 988 (citation and internal quotation marks omitted). Loss of the use of property or reduction in its expected usefulness does not give rise to a cause of action in tort. *Aeronaves de Mexico, S.A. v. McDonnell Douglas Corp.*, 677 F.2d 771, 773 n.3 (9th Cir. 1982).

Plaintiffs do not allege personal injury or damage to other property. Instead, they claim that: (i) they would not have purchased the iPhone 4s had they known that the device would experience "reduced functionality" after downloading iOS 7; and (ii) they were ultimately required to purchase new or refurbished phones as a result of the alleged Wi-Fi connectivity issue. (FAC ¶¶ 1, 71-79.) These allegations are a classic example of economic harm. *See JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (applying economic loss rule to dismiss fraud and negligent misrepresentation claims that "consist of nothing more than [defendant's] alleged failure to make good on its contractual promises."); *Minkler*, 2014 WL 4100613, at *6 ("Because Plaintiff's economic injury is foreclosed under this negligence action and she has failed to allege any personal injury or property damage or special relationship, she has failed to identify an injury sufficient to give her standing in her negligent misrepresentation claim.").

**E.      Plaintiffs Still Do Not Allege a Breach of Any Express Warranty**

To state a claim for breach of express warranty, a plaintiff must plead: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of the warranty which proximately causes plaintiff's injury. *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1140 (N.D. Cal. 2010) (citation omitted). The Court previously dismissed Mr. Yastrab's claim because the "exact terms of the purported warranty [were] not established with the requisite

1    level of clarity." *Yastrab*, 2015 WL 1307163, at *7.

2        Plaintiffs again do not — because they cannot — allege the terms of the "warranty" that

3    they claim was breached.  Plaintiffs have added no "particularity" to their allegations.  They

4    remain unable to identify "a specific and unequivocal written statement" Apple made about the

5    effect of future iOS updates that constituted an "explicit guarantee[]."  *See Maneely v. Gen.*

6    *Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997); *Tomek v. Apple, Inc.*, No. 2:11-cv-02700-

7    MCE-DAD, 2012 WL 2857035, at *6 (E.D. Cal. July 11, 2012) (dismissing express warranty

8    claim because "[t]he FAC contains no detail regarding the exact terms of any express warranty

9    breached under the facts of this case."); *In re iPhone 4s Consumer Litig.*, No. C 12-1127 CW,

10   2014 WL 589388, *8 (N.D. Cal. Feb. 14, 2014) ("Without specifying what the express written

11   statements are, and relying on inadequate fraud allegations, Plaintiffs do not properly state a

12   claim for breach of express warranty.").

13       Plaintiffs' "express warranty" claim remains predicated on "the promises and affirmations

14   of fact made by [Apple] on its website and through its marketing and advertising campaign that

15   the iPhone 4, iPhone 4 and/or iPhone 5's Wi-Fi and Bluetooth connection performs as advertised,

16   even after updating the latest iOS[.]"  (FAC ¶ 131.)[8]  Such generalized statements remain far too

17   vague to create an enforceable and actionable "warranty."  *See Nabors v. Google, Inc.*, No. 5:10-

18   cv-03897 EJD (PSG), 2011 WL 3861893, at *4 (N.D. Cal. Aug. 30, 2011) ("General assertions

19   about representations or impressions given by Defendants about the phone's 3G capabilities are

20   not equivalent to a recitation of the exact terms of the underlying warranty . . ."); *Baltazar*, 2011

21   WL 588209, at *2 (dismissing breach of warranty claim because "[g]eneral assertions that

22   Plaintiffs relied on 'a commercial' or 'the commercial' or 'advertisements online' are not

23   equivalent to a recitation of the exact terms of the underlying warranty.").

24       [8] Plaintiffs' breach of express warranty claim is not premised on the written limited
     warranty that accompanied their iPhone 4s.  Plaintiffs cannot make such a claim, because the
25   defect they allege manifested, if ever, after the expiration of the one-year limited warranty period.
     *See Daugherty*, 144 Cal. App. 4th at 830 (affirming dismissal of express warranty claim where
26   the plaintiff did not experience a product failure within the warranty period); *Long v. Hewlett-
     Packard Co.*, 316 F. App'x 585, 586 (9th Cir. 2009) ("Under California law, time limits in
27   express warranties are effective at limiting the coverage of the warranty to defects that manifest
     themselves during the specified time period.").
28

1    Even if Plaintiffs had alleged the precise terms of an express warranty based on a

2  compilation of advertisements, the sum and substance of Plaintiffs' reliance allegations remains

3  the conclusory assertion they "reasonably relied upon" Apple's "marketing campaign."  (FAC ¶

4  133.)  Such vague allegations remain insufficient.  *See In re Clorox Consumer Litig.*, 894 F.

5  Supp. 2d 1224, 1235 (N.D. Cal. 2012) ("As the Complaint is currently pled, Clorox would need

6  to guess at which labels and which packaging form the basis of Plaintiffs' claim"); *Nabors*, 2011

7  WL 3861893, at *4 ("At the least, [Plaintiff] must identify the particular commercial or

8  advertisement upon which [s]he relied and must describe with the requisite specificity the content

9  of that particular commercial or advertisement…Moreover, [she] must allege with greater

10  specificity [her] reasonable reliance on the particular commercial or advertisement."); *Coleman v.*

11  *Boston Scientific Corp.*, 2011 U.S. Dist. LEXIS 42826, at *17 (E.D. Cal. Apr. 20, 2011)

12  ("Plaintiffs' express warranty claims must be dismissed, as the complaint does not allege facts

13  sufficient to give rise to a plausible basis to believe that Plaintiffs relied on any representations

14  made by Defendants").

15  **V.    CONCLUSION**

16    For the foregoing reasons, the Court should grant Apple's motion and dismiss the FAC,

17  with prejudice.  *See Arroyo v. Chattem, Inc.,* 926 F.Supp.2d 1070, 1081 (N.D. Cal. 2012).

18

19  Dated: June 8, 2015                              MORRISON & FOERSTER LLP

20                                                        By:  ____/s/ David M. Walsh_____
                                                                  DAVID M. WALSH

21
                                                              Attorneys for Defendant
22                                                            APPLE INC.

23

24

25

26

27

28